HUBBARD B. OLIVER *vs.* NORTH END STREET RAILWAY COMPANY.

Worcester. November 8, 1897. — January 11, 1898.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Evidence — Expert.*

In an action for injuries to person and property occasioned by a collision between an electric car of the defendant and the horse and wagon of the plaintiff while the plaintiff was driving, questions to the conductor of the car are rightly excluded, even if it is assumed that he was an expert, the first of which asks for his judgment as to whether the car might have been stopped before it reached the wagon, and the second of which asks in how many feet "do you think this car might have been stopped by this motorman, running at the rate of speed it was when the gong sounded?"

TORT, for injuries to person and property occasioned by a collision in Worcester between an electric car of the defendant and the horse and wagon of the plaintiff. At the trial in the Superior Court, before *Hopkins.* J., it appeared that at the time of the collision the plaintiff was seated in his wagon, and was driving his horse upon the street in the same direction as that in which the electric car was going, and that he was run into by the car from behind.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions as to the exclusion of certain questions to one Streeter, the conductor of the car, the nature of which appears in the opinion.

*M. M. Taylor*, for the plaintiff.

*W. S. B. Hopkins*, (*F. B. Smith* with him,) for the defendant.

LATHROP, J.   We cannot say that the questions put to the witness Streeter, the conductor of the car, were not rightly excluded, even if we assume that he was an expert.   The first question in substance asks for the judgment of the witness as to whether the car might have been stopped before it reached the wagon.   The second question asks, in how many feet " do you think this car might have been stopped by this motorman, running at the rate of speed it was when the gong sounded? " The conductor had previously testified to the rate of speed the car was going, and to the distance the car was from the wagon when the gong sounded.   The exceptions state that the evidence was conflicting as to the movements of the plaintiff in his attempts to get off the track, and of his movements in getting on, and also as to the conduct of the motorman in his management of the car.   The case is not, therefore, like *Hunt* v. *Lowell Gas Light Co.* 8 Allen, 169, in which the evidence was not conflicting, and in which experts were allowed to answer upon an assumption that the evidence was true; but is a case in which hypothetical questions should have been put.   The issues before the jury were as to the exercise of reasonable care on the part both of the plaintiff and of the motorman, the servant of the defendant.   *Galbraith* v. *West End Street Railway,* 165 Mass. 572, 580.

The questions put were not only not in form hypothetical questions, but they also omitted material facts, such as the grade of the road at the place of the collision, the condition of the tracks, the efficiency of the brake, and whether sand was carried or not.

In *Chalmers* v. *Whitmore Manuf. Co.* 164 Mass. 532, it is said by Mr. Justice Knowlton : " In determining whether a question is so framed as to bring to the aid of the jury matters purely of expert opinion in such form as to be intelligible, something must be left to the presiding judge, who often has before him facts which cannot well be presented in writing to an appellate tribunal, and whose finding upon any doubtful question of fact cannot be revised by this court."   See also *McCarthy* v. *Boston Duck Co.* 165 Mass. 165.

*Exceptions overruled.*