ROGER F. SCANNELL *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

MICHAEL P. SHEA *vs.* SAME.

Suffolk.    March 15, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Assumption of Risk — Instructions — Evidence — Care of
Reasonably Prudent Person — Credibility of Witness — Conviction of Wit-
ness under Statute afterwards declared Unconstitutional.*

At the trial of an action for personal injuries occasioned to the plaintiff by a col-
lision of the wagon in which he was riding and an electric car of the defendant
at the junction of C. and N. streets, the defendant requested a ruling that if the
plaintiff attempted to hurry across the street in front of a rapidly approaching
electric car he assumed the risk of collision. In support of this request the de-
fendant contended that the plaintiff was aware, before he turned to cross the
tracks, that the car was approaching and that it was running very fast. Refer-
ence was made to the plaintiff's testimony on cross-examination that, when he
started to turn, the car was "just west of the corner of A. Street; that he did
not know whether it had stopped at the corner or not; that he should judge it
was moving; that he could not say how fast it was then going; that when the
car was about at D.'s liquor store it was going very fast; and that the seat on
which he was sitting was then over the space between the two lines of track."
The distance between A. Street and N. Street was one hundred and ninety-eight
feet, and the liquor store was about opposite S. Place, which was about half way
between A. Street and N. Street. There was nothing to impede the view of
both the motorman and the plaintiff as they approached each other. *Held,* that
the theory of the defendant was not supported by the evidence.

If, in an action for personal injuries occasioned to the plaintiff by a collision of the
wagon in which he was riding and an electric car of the defendant, the judge
instructs the jury that the care required of the plaintiff or the defendant is that
care which a reasonably prudent person would exercise under like circumstances,
and the situation is clearly pointed out to the jury, a request by the defendant
for a ruling that the driver of a wagon on a street where electric cars run must
use more care than when he drives on a street where they do not run, is rightly
refused.

To affect the credibility of a witness under Pub. Sts. c. 169, § 19, the defendant
was allowed, against the objection of the plaintiff, to put in evidence the record
of the conviction of the witness in the Circuit Court of the United States, in 1878,
for fraudulently violating a registered trade-mark. The next day the attention
of the court was called to the fact that shortly after the conviction the statute
was declared to be unconstitutional. The judge instructed the jury that the
effect of the conviction was for them, and that the fact that the statute had been
declared unconstitutional could be taken into consideration. *Held,* that the
defendant had no ground of exception.

TWO ACTIONS OF TORT for personal injuries occasioned by a collision between a wagon owned and driven by the plaintiff Scannell, and on which he and the plaintiff Shea were at the time riding, and an electric car of the defendant company, on January 11, 1898, at the corner of Cambridge and North Grove Streets, Boston. At the trial in the Superior Court, before *Gaskill*, J., the defendant asked numerous requests, of which the following only are material:

8. If Mr. Scannell attempted to hurry across the street in front of a rapidly approaching electric car, he assumed the risk of collision.

11. Owing to the great weight, size, and general unwieldiness of an electric car, also the fact that it must confine itself to the tracks, the driver of a wagon on a street where such cars run must use more care than when he drives on a street where they do not run.

21. As it appears from the evidence that the approaching car was in full view of the plaintiffs before they turned to cross the tracks, then neither plaintiff is entitled to recover on the ground that the car was running at too high rate of speed.

25. Even if the jury find that the car was running at too high rate of speed prior to the accident, and that the motorman did not strike his gong when crossing the street, nevertheless, under the circumstances of this case, the plaintiff, Scannell, is not entitled to recover, since he observed the rate of speed of the car, and that it was approaching before he turned to cross the tracks.

The judge declined to give these requests in the form asked, and the defendant excepted.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions. The facts appear in the opinion.

*M. F. Dickinson, Jr. & W. B. Farr*, for the defendant, submitted the case on a brief.

*A. D. Hill*, for the plaintiffs.

LATHROP, J.   The plaintiffs, while driving in a heavily loaded wagon, drawn by one horse, attempted to cross Cambridge Street in Boston, when an electric car of the defendant was coming towards them. A collision resulted, and the ques-

tions for the jury were whether the plaintiffs were in the exercise of due care, and whether the defendant's servant, the motorman, was negligent. The evidence was conflicting, and no question is made that the case was not one for the jury.

The defendant asked for twenty-five instructions, which were not given in the form requested, or except as contained in the charge. At the argument before us, the defendant insisted upon only four of these requests, namely, the eighth, eleventh, twenty-first, and twenty-fifth. We proceed to consider these.

In support of the eighth request the defendant contends that the plaintiff in the first case was aware, before he turned to cross the tracks, that the defendant's car was approaching, and that it was running very fast. Hence it is said that he exposed himself to an obvious danger. Reference is made to the cross-examination of this plaintiff. We do not so understand his testimony. He testified on cross-examination that, when he started to turn, the car was "just west of the corner of Anderson Street; that he did not know whether it had stopped at the corner or not; that he should judge it was moving; that he could not say how fast it was then going; that when the car was about at Doherty's liquor store it was going very fast; and that the seat on which he was sitting was then over the space between the two lines of track." The exceptions state that the distance between Anderson Street and North Grove Street is one hundred and ninety-eight feet; and that the liquor store referred to is about opposite Strong Place, which is about half way between Anderson Street and North Grove Street. The exceptions also state that there was nothing to impede the view of both the motorman and the plaintiffs as they approached each other. The theory of the defendant is not supported by the evidence; and the eighth request was properly refused. These remarks dispose also of the twenty-first and twenty-fifth requests.

The eleventh request asks for a ruling that the driver of a wagon on a street where electric cars run must use more care than when he drives on a street where they do not run. Care is, of course, a relative term. It may mean one thing on a country road, and another thing in a crowded street of a city. Hence, juries are generally instructed that the care required of

a plaintiff or a defendant is that care which a reasonably prudent person would exercise under like circumstances; and so the jury were instructed in this case, both as to the care required of the plaintiff and that required of the defendant. The situation was clearly pointed out to the jury; and we are of opinion that the judge was not bound to give the instruction requested.   With some exceptions, pointed out in *Driscoll* v. *West End Street Railway*, 159 Mass. 142, 145, and which are not material to this case, the defendant stands in respect to the use of the street on exactly the same footing as the driver of any other vehicle.   Each is bound to use due care to avoid coming in contact with the other, and neither is· entitled to assume that the other will keep out of his way.   *Driscoll* v. *West End Street Railway*, *ubi supra*.   *Benjamin* v. *Holyoke Street Railway*, 160 Mass. 3.   *Ellis* v. *Lynn & Boston Railroad*, 160 Mass. 341.   *Robbins* v. *Springfield Street Railway*, 165 Mass. 30, 36.   *Galbraith* v. *West End Street Railway*, 165 Mass. 572.   *White* v. *Worcester Consolidated Street Railway*, 167 Mass. 43.   *Oliver* v. *North End Street Railway*, 170 Mass. 222.

To affect the credibility of the plaintiff Scannell, who testified as a witness, the defendant was allowed, against the plaintiffs' objection, to put in evidence the record of his conviction in the Circuit Court of the United States, in 1878, for fraudulently violating a registered trade-mark.   It is provided by the Pub. Sts. c. 169, § 19, "The conviction of a witness of a crime may be shown to affect his credibility."   The statute under which Scannell was convicted was shortly afterwards declared to be unconstitutional.   *The Trade-Mark Cases*, 100 U. S. 82.   This fact was not called to the attention of the court until the day after the evidence was admitted.   The judge instructed the jury that the effect of the conviction was for them, and that the fact that the statute had been declared unconstitutional could be taken into consideration.

We are of opinion that the defendant had no ground of exception to this portion of the charge.   If the statute was unconstitutional there could be no crime committed.   All that Scannell was convicted of was the doing of certain acts which Congress had attempted to make a crime, without having the legal power to do so.                      *Exceptions overruled.*