## LANE v. SARGENT.

(Circuit Court of Appeals, First Circuit.   October 23, 1914.)

### No. 1084.

**1. EVIDENCE (§ 52\*)—JUDICIAL NOTICE—STATE LAW.**

Where suit is instituted in the federal court for the district of New Hampshire to recover damages for injuries received by plaintiff by being run into by defendant's automobile in Massachusetts, the court will take judicial notice of the law of the road of Massachusetts, and decisions of the Supreme Judicial Court of that state are therefore not admissible in evidence to prove the Massachusetts law as a fact.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 52.\*

Judicial notice of public laws and regulations, see note to Smith v. City of Shakopee, 44 C. C. A. 4.]

**2. TRIAL (§ 252\*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.**

In an action for injuries to plaintiff by being struck by defendant's automobile approaching from the rear, while he was crossing from one side of a street to the other, requests to charge that defendant was entitled to assume that plaintiff would continue in the direction he was going until he gave reasonable notice of going in a different direction, and that plaintiff, who when first observed was walking in a place of safety, would continue to exercise ordinary care, not only in crossing, but in continuing on his way, were properly refused, as assuming, contrary to the evidence, that plaintiff, if he had continued on his way, walking beside a car track, would have been in a place of safety, and that he did not seasonably indicate his intention to change his course, and was not in the exer-

cise of ordinary care in attempting to cross the street when he did, observing the automobile from 100 to 300 feet away.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. TRIAL (§ 260*) — INSTRUCTIONS — REQUESTS TO CHARGE — INSTRUCTIONS GIVEN.

Where the jury were properly instructed on the issues in the case, the refusal of requests to charge is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. MUNICIPAL CORPORATIONS (§ 705*)—STREETS—USE—CARE REQUIRED.

A pedestrian and the operator of an automobile have equal rights in a city street, and each is bound to use ordinary care to avoid the other.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

In Error to the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Action by Alvah W. Sargent against John P. Lane. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward C. Stone, of Boston, Mass. (Sawyer, Hardy & Stone, of Boston, Mass., on the brief), for plaintiff in error.

John L. Mitchell, of Portsmouth, N. H. (John H. Bartlett, of Brockton, Mass., on the brief), for defendant in error.

Before PUTNAM and BINGHAM, Circuit Judges, and BROWN, District Judge.

BINGHAM, Circuit Judge. The plaintiff, Sargent, a citizen of the state of New Hampshire, brings this action against the defendant, Lane, a citizen of the commonwealth of Massachusetts, in the District Court of the United States for the District of New Hampshire, to recover damages for injuries received on August 4, 1912, by being run into by an automobile operated by the defendant. The accident took place while the plaintiff was crossing Main street, in Salisbury, Mass. There was a trial by jury and a verdict for the plaintiff. The case is now here on defendant's bill of exceptions, and the errors assigned are to the exclusion of certain evidence offered by the defendant and the refusal of the judge to give certain requests for rulings.

The accident having occurred in Massachusetts, and the law of the road of that state being a material point in the case, the defendant offered to show what the law of Massachusetts on that subject was by introducing in evidence three decisions of the Massachusetts Supreme Judicial Court, as reported in Galbraith v. West End St. Ry. Co., 165 Mass. 581, 43 N. E. 501, Scannell v. Boston Elevated Ry. Co., 176 Mass. 173, 57 N. E. 341, and Commonwealth v. Horsfall, 213 Mass. 232, 100 N. E. 362, Ann. Cas. 1914A, 682. The evidence was excluded, and the defendant excepted. The trial court, in excluding the evidence, made the following ruling:

"I think this question is a question of law for the court to pass upon, and the court is very glad to have any citation of Massachusetts law submitted to the court, and the court will instruct the jury upon what the Massachusetts

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

law is. Upon that assumption, with this view of the law, the court will not allow the opinions of the Massachusetts court which have been called to its attention to be read to the jury."

[1] The defendant contends that the law of Massachusetts, where the accident occurred, is the law of a foreign jurisdiction, and must be proved as a fact; that the court could not take judicial cognizance of it. This contention cannot be sustained. In Mills v. Green, 159 U. S. 651, 657, 16 Sup. Ct. 132, 134 (40 L. Ed. 293), Mr. Justice Gray, in delivering the opinion of the court, said:

"The lower courts of the United States, and this court, on appeal from their decisions, take judicial notice of the Constitution and public laws of each state of the Union. Owings v. Hull, 9 Pet. 607, 625 [9 L. Ed. 246]; Lamar v. Micou. 112 U. S. 452, 474 [5 Sup. Ct. 221, 28 L. Ed. 751]; Id., 114 U. S. 218, 223 [5 Sup. Ct. 857, 29 L. Ed. 94]; Hanley v. Donoghue, 116 U. S. 1, 6 [6 Sup. Ct. 242, 29 L. Ed. 535]; Fourth National Bank v. Francklyn, 120 U. S. 747, 751 [7 Sup. Ct. 757, 30 L. Ed. 825]; Gormley v. Bunyan, 138 U. S. 623 [11 Sup. Ct. 453, 34 L. Ed. 1086]; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 678 [14 Sup. Ct. 533, 38 L. Ed. 311]."

And in Hanley v. Donoghue, 116 U. S. 1, 6, 6 Sup. Ct. 242, 245 (29 L. Ed. 535), the same Justice, in speaking for the court, said:

"In the exercise of its general appellate jurisdiction from a lower court of the United States, this court takes judicial notice of the laws of every state of the Union, because those laws are known to the court below as laws alone, needing no averment or proof. * * *

"But on a writ of error to the highest court of a state, in which the revisory power of this court is limited to determining whether a question of law depending upon the Constitution, laws, or treaties of the United States has been erroneously decided by the state court upon the facts before it—while the law of that state, being known to its courts as law. is of course within the judicial notice of this court at the hearing on error—yet, as in the state court the laws of another state are but facts, requiring to be proved in order to be considered, this court does not take judicial notice of them, unless made part of the record sent up, as in Green v. Van Buskirk, 7 Wall. 139 [19 L. Ed. 109]. * * *

"Where by the local law of a state (as in Tennessee, Hobbs v. Memphis & Charleston Railroad, 9 Heisk. 873) its highest court takes judicial notice of the laws of other states, this court also, on writ of error, might take judicial notice of them."

See Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 678, 14 Sup. Ct. 533, 38 L. Ed. 311.

The Pawashick, 2 Low. 142, Fed. Cas. No. 10,851, a case relied upon by the defendant in support of his contention, is not in point. There the question was whether a federal court would take judicial notice of the law of a foreign country or it should be proved as a fact.

[2] The defendant also complains of the refusal of the court to give the following instructions:

(1) "The defendant had the right to assume as he drove down the state highway that the plaintiff would continue in the direction he was going until and unless the latter gave reasonable notice of his going in another direction."

(2) "The defendant had the right to assume that the plaintiff, who was, when first observed by the defendant, walking in a place secure from injury, would continue to exercise ordinary care, not only in crossing, but in continuing on his way."

Both of these requests were properly denied. They assumed, contrary to the evidence in the case, that the plaintiff, if he had continued on his way walking beside the car track, would have been in a place of safety, that he did not seasonably indicate his intention to change his course, and that he was not in the exercise of ordinary care in attempting to cross to the east side of the street at a time when, as he observed, the defendant was from 250 to 300 feet back of him, and, as the defendant testified, from 100 to 300 feet. As the requests were not applicable to the facts as presented by the evidence, and would have tended to mislead and confuse the jury, the court did not err in declining to give them.

[3, 4] Furthermore, the jury were properly instructed. The court charged them, in substance, that the plaintiff and the defendant had equal rights in the use of the street, and each, in the exercise of his rights, was bound to use ordinary care with reference to the other.

The judgment of the District Court is affirmed, and the defendant in error recovers his costs on appeal.