Hillsborough, }
Jan. 5, 1915. }

ALFRED ST. LAURENT *v.* MANCHESTER STREET RAILWAY.

Where expressions of bystanders as to the nature of an accident are offered in evidence, the questions whether the exclamations were too remote in point of time and whether the persons uttering them were in a position to know the facts are to be determined by the trial court; and the only question for the consideration of the supreme court is whether there was sufficient evidence to warrant the conclusion upon which the ruling as to admissibility was based.

Evidence that exclamations by an eye-witness of an accident were uttered immediately after its occurrence warrants a finding that they were made under its influence and without opportunity for fabrication; and in such case the element of time is of importance merely upon the question of spontaneity.

An objection to the admission of such exclamations, upon the ground that there is no evidence to warrant a finding of the declarant's knowledge, is not saved by a general exception taken after a discussion of the question solely upon the ground of remoteness.

CASE, for negligence. Trial by jury and verdict for the defendant. Transferred from the January term, 1914, of the superior court by *Chamberlin,* J.

One question in the case was whether the plaintiff ran into the defendant's car, or the car ran into him. The accident happened on a Sunday forenoon in April, on Somerville street in Manchester. There was evidence that the car was running slowly, that it stopped quickly, and that the plaintiff at once arose from the ground and

walked to his home near by.   Testimony of a passenger on the car was offered and ruled upon as follows:

Q.  "Now was there—you need not answer this just for a moment, I want to ask the question—immediately after the accident took place, was there any expression made by the people in common there, if you heard, without knowing who made it?"

Court.   "About the accident?"   Mr. Warren.   "Yes."

Court.   "At the time?"   Mr. Warren.   "Yes."

Court.   "She may say yes or no."   A.  "Yes."

Q.  "Now, what was it?"

Mr. Stearns.   "I object."

Court.   "Wait."

Mr. Warren.   "I believe that is competent."

Court.   "If it is near enough to the time, I haven't any doubt—"

Mr. Warren.   "I put it immediately after the accident."

Court.   "I want you to put it as near as you can after the stopping of the car or contact with it."

Q.  "Mrs. Hamilton, you say a common expression was made. When was it made with reference to the stopping of the car?" A.  "When was it made?"   Q.  "Yes."   A.  "Why, the car was there, and I was sitting on the car."

Court.   "Was it after it stopped?"

Q.  "Was it after the car stopped you heard the common expression?"   A.  "Yes, just after it stopped."

Court.   "Where was the boy?   Was he gone, or was he there?" A.  "They were carrying him, taking him, before he was taken into the house."

Court.   "I think I will receive it, subject to exception.   If you wish to except to it you may."

Mr. Stearns.   "Exception."

Q.  "What was the expression?"   A.  "That he ran into the car."

The plaintiff's counsel did not suggest that the people making the "common expression" were not in a position to know the truth upon the subject, and the court did not understand that such a claim was made.   The court found from all the evidence in the case that those who made the expression knew the truth with respect to it; and to this finding the plaintiff excepted after the trial, upon the ground that it was not supported by the evidence.

*Henry B. Stearns* and *Thorp & Abbott* (*Mr. Abbott* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

PEASLEE, J. The evidence is objected to upon two grounds: (1) That the exclamation was too remote from the transaction in point of time, and (2) that it did not appear that the persons uttering the exclamation were in a position to know the facts. Both of these questions are peculiarly for the trial court. They are questions of fact, and the findings upon them will not be disturbed unless it clearly appears that they were made without evidence. Indeed, it is urged by a high authority upon the subject that the finding of the trial court upon such issues should be final. 3 Wig. Ev., s. 1750. It may be that Wigmore's suggestion, that the law court should leave "the application of the principle absolutely to the determination of the trial court," means no more than that the decision of the fact should be so left, still reserving for the consideration of the law court the question whether upon the evidence the conclusion could be reached. This is the rule applied in this jurisdiction as to all questions of fact, or so-called matters of discretion. *State* v. *Wren, ante,* 361. This court does not determine the question whether spontaneous exclamations shall or shall not be admitted under particular circumstances, except in so far as such result follows from a consideration of the sufficiency of the evidence to warrant the trial court in finding (1) sufficient nearness in point of time to the exciting cause and (2) knowledge of the declarant. Some evidence to justify the conclusions appearing, the determination of whether they shall be drawn is left "absolutely to the determination of the trial court," as Wigmore suggests. *Nawn* v. *Railroad, ante,* 299; *Dorr* v. *Railway,* 76 N. H. 160; *Davis* v. *Railroad,* 75 N. H. 467; *Robinson* v. *Stahl,* 74 N. H. 310; *Murray* v. *Railroad,* 72 N. H. 32.

1. The exclamations were uttered within a few moments, or perhaps seconds, after the accident, and by people who saw the accident. That upon such evidence it could be found that they were made under the influence of the exciting cause and without time for fabrication is well settled by the cases cited above.

The element of time is of importance is such cases merely upon the question of the spontaneity of the exclamation. "What the law altogether distrusts is not afterspeech, but afterthought. . . . That the declarations shall be or appear to be spontaneous is indispensable, and it is for this reason alone that they are required

to be speedy." *Travelers' Ins. Co.* v. *Sheppard,* 85 Ga. 751, 775, 776.

2. The only question relating to the competency of the evidence discussed at the trial was its nearness in point of time. Counsel later sought to raise the further issue of the declarants' knowledge. The finding that "counsel did not suggest, and the court did not understand that the plaintiff's counsel claimed, that the people making the 'common expression' were not in a position to know that fact" shows that the question is not properly raised. *Felch* v. *Weare,* 66 N. H. 582. The query as to the admissibility of the evidence was suggested in the first instance by the presiding justice, and the discussion following was between him and counsel for the defendant. It related solely to the question of time. Counsel for the plaintiff took no part, save to once state an objection and finally to take the exception suggested by the court.

When questions of this nature are to be raised it is highly desirable that the attention of the presiding justice be directly called to the point in issue. The ruling involved findings of fact; and if the objection was based upon the ground that the facts could not be found, rather than that they ought not to be, it should have been so stated. It is like a motion for a nonsuit in many respects. If specific grounds are assigned, general ones are waived; and if the motion is not made until the case is submitted, it comes too late. *Head & Dowst Co.* v. *Breeders' Club,* 75 N. H. 449. So in cases of this nature, if the objection is that there is no evidence upon which the court can make the finding, it is the better practice to so state it. *Reagan* v. *Railway,* 72 N. H. 298. But if it be conceded that a general objection and exception raises questions like the one here presented, the rule is otherwise when one specific question is raised and discussed in the trial court, and this is followed by a ruling and an exception thereto. The latter course was pursued in the present case. The ruling was, in substance, that the declarations were sufficiently near in point of time. The exception taken related to this ruling and to nothing else.

It may be added, however, that the evidence transferred to this court is sufficient to sustain the finding that the declarants were in a position to know whereof they spoke. It could be found that the incident of the exclamations followed the accident in a very brief space of time, that there had been no outcry or anything else to attract people to gather at the spot, save their own observation of the happening, and that there had not been sufficient lapse of time

for people to have been attracted to the spot by seeing others gathering there. In a word, it could be found that they were there because they saw the accident, or, stated conversely, that they would not have been there so soon unless they had seen it. It is immaterial here that other inferences might have been drawn.

*Exceptions overruled.*

All concurred.