## STANDARD OIL CO. OF NEW YORK v. JOHNSON.

(Circuit Court of Appeals, First Circuit. May 15, 1924.)

### No. 1714.

1. **Municipal corporations ⬅706(6, 7)—Negligence and contributory negligence held for jury on evidence as to boy's injury by motor truck on bridge.**

   A boy 14 years old, with others, was crossing diagonally over a bridge which spanned railroad tracks, when he was struck and killed by a motor truck, which had moved onto the bridge without giving any warning. There was evidence that a train was passing under the bridge, and that the smoke obscured the view, and the noise deadened the sound of the truck. *Held*, that the questions of the driver's negligence and the boy's contributory negligence were for the jury.

2. **Municipal corporations ⬅705(10)—"Stop, look, and listen" rule inapplicable to pedestrians on bridge.**

   Pedestrians, crossing transversely a bridge forming part of a street or highway, *held* not subject to the "stop, look, and listen" rule.

3. **Negligence ⬅136(26)—Question of contributory negligence generally for jury.**

   Under G. L. Mass. c. 231, § 85, providing that "the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defense," it is only in comparatively rare cases that it can be ruled as matter of law that the burden of proof resting on defendant has been sustained by oral testimony.

4. **Municipal corporations ⬅706(6)—Negligence of driver of truck, striking pedestrian on bridge, held question for jury.**

   Under G. L. Mass. c. 90, § 14, providing that, "upon approaching a pedestrian who is upon the traveled part of any way and not upon a sidewalk * * * every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signaling," where the driver of a truck saw several boys on a bridge ahead, but drove on the bridge without any signal, and the truck struck and killed one of the boys, the question of his negligence was properly submitted to the jury.

5. **Evidence ⬅123(10)—Statement of bystander held admissible as part of res gestæ.**

   Where a boy was struck and killed by a truck on a bridge, testimony that a woman came up immediately after, and before the truck had been backed off from the boy's foot, and said to the driver, "You didn't blow your horn," to which he made no reply, *held* properly admitted as part of the res gestæ.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. Evidence ☞314(1)—Tendency is to increase exceptions to rule against hearsay.

　　The modern tendency is to increase the number of exceptions to the rule excluding hearsay.

In Error to the District Court of the United States for the District of Massachusetts; Clarence Hale, Judge.

Action at law by John E. Johnson, administrator, against the Standard Oil Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Herbert Parker, of Boston, Mass. (Everett B. Horn, of Boston, Mass., on the brief), for plaintiff in error.

Asa P. French, of Boston, Mass. (Jonathan W. French, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This was an action of tort to recover for the death and conscious suffering of the plaintiff's intestate, Ivar W. Johnson, a boy 14 years old, whose injuries and death were caused by being struck, about 1:15 p. m. on April 13, 1921, by a motor truck operated by defendant's agent.

The suit was brought under G. L. Mass. c. 229, §§ 5, 6, under which damages are to be assessed with reference to the degree of culpability of the defendant or of his agent. The case was begun in the superior court of Massachusetts, but removed by the defendant to this court. The answer is a general denial, plus an allegation of contributory negligence by the plaintiff's intestate. The jury took a view of the scene of the accident and its surroundings.

At the end of a three-day trial, Judge Hale denied the defendant's motion for a directed verdict, and submitted the case to a jury under a careful charge, the fairness and soundness of which are not challenged by the defendant's learned counsel, if the case was for the jury at all. A motion for a new trial, on the usual grounds, including the contention that the verdict was against the weight of the evidence, was also denied, with an opinion showing careful reconsideration of the case.

The defendant's main contentions are as to contributory negligence and as to the admission of the statement of a bystander as a part of the res gestæ.

[1] The accident occurred at a bridge over the New Haven Railroad on Norfolk street, Boston, which runs from Boston to Mattapan. The truck which struck young Johnson was moving from Mattapan towards Codman Square, Boston. Prior to the accident, Johnson, with a number of other boys, had met at the school noon hour, and had seated themselves on the girder, or middle truss, of this bridge, where they were passing the time in "talking and joking," but without any "rough house or anything of that kind." About 1:15 there was a general start to return to school. Three or four boys had crossed from the middle of the bridge, diagonally across the street, towards the sidewalk; then the Johnson boy arose, and followed pretty close after the boy just

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ahead of him, just as the defendant's five-ton truck, 23 or 24 feet long, moving 6 to 8 miles an hour, came over the bridge. There was, as defendant concedes, evidence that the driver did not blow his horn or give any warning of any kind. Young Johnson was struck by the left-hand forward fender; his head and chest were badly injured, and he was thrown under the rear wheel. The truck stopped, with one foot caught under the rear wheel, so that the truck had to be recranked and started before the boy could be released.

The evidence on both sides, including the statement of the driver, who had died before the trial (admitted under G. L. Mass. c. 233, § 65), placed the time of the accident at about 1:15. A train was due to pass under this bridge at that moment. There is direct evidence from one or more witnesses, including the evidence of the boy who crossed just ahead of young Johnson, that at that time smoke from the engine came up through the bridge, so that it would block the view towards Mattapan, and the noise of the train would deaden the sound of the truck on the bridge.

There is also direct evidence, which finds some support in the statement of the defendant's driver, that, as the truck crossed the bridge, one boy, apparently Wasserman, who immediately preceded Johnson, passed so closely in front of the truck that "it just barely avoided hitting him"; that the driver then "cut his wheel to the left part of the bridge," thus avoiding the other boy, but striking Johnson.

On this meager statement—which, of necessity, reproduces the situation somewhat less accurately than it is shown to us with the aid of plans and photographs, and very much less satisfactorily than it must have appeared to the jury who saw the locus, and to the trial judge, who had the advantage of hearing all the witnesses, and listening to the illuminating arguments of counsel familiar with every detail of the locus and of the situation—it is apparent that the jury might have found that the accident was caused as follows:

That the driver, without sounding his horn, drove his long, heavy truck up an incline over the bridge to a point where the grade was somewhat descending, and saw these boys, gathered on his left, only a few feet from his line of approach; that just at that moment smoke from the train passing underneath obscured the view both to him and to the boys; that the noise made by the train would deaden the sound of any vehicle coming up from Mattapan; that as he passed toward the end of the bridge, where the grade was slightly descending, he found himself almost in collision with the Wasserman boy, who was just passing out of his line of approach; that he then put on the brakes, and at the same time cut his wheel toward the left, thus striking and fatally injuring the Johnson boy; that the truck then moved about 13 or 14 feet, and stopped with the rear wheel pinning the Johnson boy to the street.

Under such circumstances, we think it plain that both questions—the negligence of the driver and the Johnson boy's contributory negligence—were for the jury. "Ordinarily these are issues of fact for the jury; and no facts are disclosed in the present case to take it out of this general rule." Both statements, quoted from the opinion of the court in Hennessey v. Taylor, 189 Mass. 583, 584, 76 N. E. 224, 3 L. R.

A. (N. S.) 345, 4 Ann. Cas. 396, are applicable to this case. Compare Purtell v. Jordan, 156 Mass. 573, 31 N. E. 652; Scannell v. Boston Elevated, 176 Mass. 170, 173, 57 N. E. 341, and cases cited.

[2, 3] The decisions do not leave us at liberty to adopt the contention of defendant's learned counsel, which, in effect, would require us to apply the rules of law applicable to the conduct of pedestrians in crossing a car track, or perhaps at a steam railroad grade crossing. Under the conditions herein disclosed, a pedestrian was not subject to the "stop, look, and listen" rule. Cases supra. If we assume, in the defendant's favor, that there is evidence that the Johnson boy did not look in the direction of the approaching truck after he rose from the truss of the bridge to cross the street, yet, as pointed out by Judge Hale in his opinion in denying the motion for a new trial, "there is no testimony as to how much he looked before he rose to cross the street." The victim of this accident died without giving his version of the accident, or stating what precaution he took before exercising his undoubted right to cross the street. The old rule, under which so many meritorious cases failed, because due care could not be affirmatively shown, is no longer the law of Massachusetts, for under G. L. Mass. c. 231, § 85:

" * * * The person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defense to be set up in the answer and proved by the defendant."

If we assume, without deciding, that, when in this federal court we are dealing with a case grounded on a Massachusetts statute, the ruling of the Massachusetts court—to the effect that, under certain conditions, contributory negligence is still a question of law for the court (Duggan v. Bay State Street Railway, 230 Mass. 370, 119 N. E. 757, L. R. A. 1918E, 680; Gibb v. Hardwick, 241 Mass. 546, 135 N. E. 868)—we are, nevertheless, constrained to the view that on the evidence in this case, giving the defendant the full benefit of the Massachusetts rule, contributory negligence was for the jury (Hennessey v. Taylor, supra; Purtell v. Jordan, supra; Creedon v. Galvin, 226 Mass. 140, 115 N. E. 307).

As stated by Rugg, C. J., in Duggan v. Bay State Street Railway, 230 Mass. 370, 379, 119 N. E. 757, 760 (L. R. A. 1918E, 680):

"It is only in comparatively rare instances that it can be ruled as matter of law that a burden of proof depending upon oral testimony has been sustained."

See, also, McDonough v. Metropolitan Life Ins. Co., 228 Mass. 450, 452, 117 N. E. 836, 837, where the same learned Chief Justice says:

"It is rarely that it can be ruled as matter of law that the burden has been sustained. This is especially true when the attempt to sustain that burden rests upon oral testimony introduced by the party upon whom the burden rests, and upon inferences from circumstances."

Under the Massachusetts rule, due care becomes a question of law as stated by Rugg, C. J., in Duggan v. Bay State Street Railway, 230 Mass. 370, at page 379, 119 N. E. 757, 760 (L. R. A. 1918E, 680), only:

"Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed."

On this record, none of these tests are met; the facts were not indisputable or shown by evidence by which the plaintiff was bound; various rational inferences consistent with due care were open to the jury—such as that the driver, without sounding his horn, drove his truck through blinding smoke towards several boys, who had the same right to safe use of the street as he had. Cf. McGinley v. Edison Electric Illuminating Co. (Mass.) 143 N. E. 537, decided April 25, 1924.

[4] As to the issue of negligence, it is hardly necessary to point out that in addition to the common-law duty in this regard, a statute of Massachusetts (G. L. c. 90, § 14) provides that:

"Upon approaching a pedestrian who is upon the traveled part of any way and not upon a sidewalk * * * every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signaling."

There was no error in submitting the issues of due care and negligence to the jury.

[5] The remaining contention is of reversible error in admitting the statement of a bystander as part of the res gestæ. Two witnesses testified to the effect that, before the truck was backed off young Johnson's foot, a woman came from the crowd and said to the driver, as one witness stated it, "Why didn't you blow your horn?" and in the language of the other witness, "You didn't blow your horn."

There is also evidence that the driver made no reply. It is urged that this evidence was hearsay and therefore inadmissible.

Undoubtedly, as stated by Chief Justice Beasley in Hunter v. State, 40 N. J. Law, 495, 536:

" * * * There are few problems involved in the law of evidence more unsolved than what things are to be embraced in those occurrences that are designated in the law as the res gestæ."

See, also, the melancholy observations of Mr. Wigmore in 3 Wigmore, Evidence (3d Ed.) 1745 et seq .

Defendant's learned counsel has cited some cases which tend to sustain his contention. Nevertheless we think that, in the light of the decisions which should guide and perhaps must bind us, the evidence was admissible.

The case is in important aspects like Peirce v. Van Dusen, 78 Fed. 693, 24 C. C. A. 280, 69 L. R. A. 705, an opinion by Circuit Justice Harlan concurred in by Judge Taft, now Chief Justice, and Judge Lurton, later a Justice of the Supreme Court. That was a suit against the receiver of a railroad for personal injuries alleged to have been caused by the negligence of the conductor in causing a train to be backed without proper warning, so that Van Dusen's hand was caught and injured. Just after the accident, after the plaintiff had got his hand out, and walked perhaps six or seven lengths toward the engine, he met the conductor, and, against objection, the trial court admitted the following conversation: 

"Well, I asked Mr. Bartley what in the world he was trying to do, coming back on me the second time, without saying anything about making a second cut. He said: 'Ed, I am sorry. I was going to put this car on the elevator

track. When I backed up, I did not see you. I did not know just where you was, until I heard you holler.'"

The court said (page 706 [24 C. C. A. 292]):

"We are of opinion that this evidence was properly admitted. Its exclusion was not required by the rule that 'an act done by an agent cannot be varied, qualified, or explained, either by his declarations which amount to no more than a mere narrative of a past occurrence, or by an isolated conversation held or an isolated act done at a later period.' Packet Co. v. Clough, 20 Wall. 528, 540. The case is rather covered by the rule formulated by Greenleaf (1 Greenl. Ev. § 113), and sanctioned by the Supreme Court in Railroad Co. v. O'Brien, 119 U. S. 105, 7 Sup. Ct. 118, namely:

"'The party's own admission, whenever made, may be given in evidence against him; but the admission or declaration of his agent binds him only when it is made during the continuance of the agency in regard to a transaction then depending, et dum fervet opus. It is because it is a verbal act, and part of the res gestæ, that it is admissible at all, and therefore it is not necessary to call the agent to prove it; but, wherever what he did is admissible in evidence, there it is competent to prove what he said about the act while he was doing it.'"

While in this case the immediate question was the admissibility of the declaration of an agent, such declaration was held competent as falling within the res gestæ rule. It is thus, in underlying principle, like the instant case. Cf. Attleboro Mfg. Co. v. Frankfort Marine, etc., 240 Fed. 573, 581, 582, 153 C. C. A. 377.

After further discussion, the court pointed out that the res gestæ rule cannot be so narrowly construed as to exclude declarations "which did not occur on the very instant of the grinding of the flesh and bones by the colliding car." Peirce v. Van Dusen, 78 Fed. 707, 24 C. C. A. 280, 69 L. R. A. 705. Cf. St. Laurent v. Railway, 77 N. H. 460, 92 Atl. 959.

Insurance Co. v. Mosley, 8 Wall. 397, 19 L. Ed. 437, is also in point. In that case Mr. Justice Swayne reviews some of the earlier res gestæ cases, among others Commonwealth v. McPike, 3 Cush. (Mass.) 181, 50 Am. Dec. 727, in which the defendant was indicted for manslaughter, charged with killing his wife. The court admitted the statement of the wife, that the defendant had stabbed her, made after she had run from her own room and a physician and watchman had been sent for.

See, also, United States v. King (C. C.) 34 Fed. 302, 314; Lund v. Tyngsborough, 9 Cush. (Mass.) 36, and cases cited; State v. Wagner, 61 Me. 178, 195; Hart v. Powell, 18 Ga. 635, 639; Kennedy v. Railroad Co., 130 N. Y. 654, 656, 29 N. E. 141; Jack v. Mutual, etc., Ass'n, 113 Fed. 49, 53, 51 C. C. A. 36, et seq.; 22 C. J. §§ 535, 539, 540, 543; Murray, Adm'r, v. Boston & Maine R. R., 72 N. H. 32, 54 Atl. 289, 61 L. R. A. 495, 101 Am. St. Rep. 660; Dorr, Adm'r, v. Atlantic Shore Line Ry., 76 N. H. 160, 80 Atl. 336; St. Laurent v. Railway, 77 N. H. 460, 92 Atl. 959.

[6] There have always been many exceptions to the hearsay rule. See Commonwealth v. Trefethen, 157 Mass. 180, 31 N. E. 961, 24 A. L. R. 235. See 3 Wigmore, c. 54, § 1630 et seq. The modern tendency is to increase the number. See G. L. Mass. c. 233, § 64 (St. 1889, c. 100); section 66 (St. 1896, c. 445); section 65 (St. 1898, c. 535).

In the instant case, the defendant was accorded the benefit of section 65, under which the statements of the deceased driver were admitted—

to the effect that just before the accident he was proceeding over the bridge at the rate of six miles an hour, sounding his horn, when young Johnson suddenly jumped out and darted in front of his truck.

Our conclusion on this point is grounded upon the decisions supra in the federal and Massachusetts courts, and is supported by the great weight of authorities elsewhere.

The judgment of the District Court is affirmed, with costs to the defendant in error.