## WILLIAM C. BARRY, Inc., v. BAKER.
### No. 3087.

Circuit Court of Appeals, First Circuit.
Feb. 25, 1936.

William B. Mahoney, of Portland, Me., for appellant.

John D. Clifford, Jr., of Lewiston, Me. (Clifford & Clifford, of Lewiston, Me., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, JJ.

BINGHAM, Circuit Judge.

This action was brought September 14, 1934, by the plaintiff, a resident and citizen of Maine, against the defendant, a Massachusetts corporation having its principal place of business in that state, to recover damages which he sustained by reason of a collision between his truck and the defendant's tractor, with a semitrailer attached, driven by its employee, Stairs, on a highway just north of the village of Gray in the state of Maine. There was a jury trial and a verdict for the plaintiff for $10,831.60, upon which judgment was entered and this appeal taken.

The evidence showed that at about 12 o'clock on the night of January 2, 1934, the plaintiff, having left the village of Gray, was driving north with his empty truck toward Auburn, Me., accompanied by his helper, Fortin. The defendant's tractor and trailer, driven by Stairs, was traveling south from Auburn towards Portland. About two and a half miles north of Gray the two met and came together in such a way that the front of the defendant's tractor hit the left front of the truck and the two machines were locked together at an angle, damaging the truck and the plaintiff. The question of liability turned on which side of the road each machine was at the moment of collision.

The assignments of error relied on relate to the admission of certain evidence and the refusal of the court to allow certain questions to be asked a witness on cross-examination on the ground that they related to new matter not brought out on direct examination.

In the first assignment of error the defendant complains of the admission of certain testimony offered by the plaintiff for the purpose of showing loss of earning capacity due to the accident, the defendant contending that it was evidence of profits earned by the plaintiff in the business of buying, hauling, and selling potatoes.

It appeared from the plaintiff's testimony that in the fall of 1933 and up to the time of the accident he was engaged in buying potatoes of farmers in Aroostook county, Me., and transporting them to Lawrence, Mass., and surrounding towns, where he sold them to a number of steady customers who were storekeepers. For these services he charged his customers 90 cents a bag in addition to the amount he paid per bag for the potatoes. It made no difference what the cost of the potatoes were to him, for, when he delivered a bag to a customer, he received in addition to such cost 90 cents. The potatoes weighed 100 pounds per bag, and on each trip from Aroostook county to Massachusetts he hauled 100 bags. He made two trips a week as a rule and sometimes three. This gave him a gross income of $180 a week and some weeks $270. From this he deducted the expenses of his helper, gas, oil, and servicing of his truck, etc., amounting to $80 a week; and he testified that he was "putting away a hundred dollars a week" when making two trips and when making three "would have that much to the good"—$80 more.

In the above computation he deducted nothing for depreciation of the truck or its cost. But it appeared from the testimony that he bought the truck in August, 1933, for between twelve and thirteen hundred dollars; had used it in his business of hauling potatoes from Labor Day, 1933, down to the time of the accident, January 2, 1934, when it had been run about 18,-

000 miles; and he estimated its value just before the accident at between nine hundred and nine hundred and fifty dollars, showing a depreciation of some three hundred dollars at that time. Practically the only money tied up in the business was the cost of the truck, which the jury had before it.

While the District Judge in making the ruling complained of used the word "profit," it is evident from the colloquy that took place during the introduction of this testimony that the earning capacity of the plaintiff before the accident and the amount it was diminished by reason thereof was the basis of the ruling. For instance, at one point the court said: "I have allowed you to show that he was able, and he says he did earn, one hundred dollars a week at the time of the accident. Now I will allow you to show how much *earning capacity* was diminished after and on account of the accident. Don't get into the question of profits from the potato business." (Italics supplied.)

It is, of course, the general rule that it is the loss of capacity to earn that should be considered as an element of damage in a tort case—not the profits of a business. It is evident in this case that no money was invested in a commercial sense from the use of which profits might or might not be made; that the 90 cents a bag which the plaintiff received for his services in hauling the potatoes was not such profit. It made no difference to him what the price of potatoes in Aroostook county or the market in Lawrence and vicinity was. He received 90 cents a bag for the hauling which, after the deduction of the necessary expenses, compensated him for his services in transporting and delivering the potatoes. By doing this the earning capacity of the plaintiff before the accident was shown. We think the ruling, under the circumstances disclosed, was unobjectionable and the testimony admissible.

After giving his version of how the collision took place, the plaintiff said: "And of course then I was pinned up with the steering wheel which struck me in the chest here; and then *all at once* the driver of the other truck came over to see me. Well, he says—." Counsel for the defendant here objected to the introduction in evidence of what the defendant's driver said, on the ground that the action was not against the truck driver but his employer; that a statement by an employee after an accident has occurred is not admissible in an action against the employer. The court ruled that the witness might state what the driver said "immediately after the collision" and the defendant excepted.

The only material thing bearing on the issues in the case, that the plaintiff testified the defendant's driver said immediately after the collision, was in answer to a question why he "drove over onto his [the plaintiff's side] of the road," to which the witness stated the defendant's driver replied: "When I seen you coming I thought you were coming on the other side of the road," meaning the defendant's side. These matters constitute the subject of assignments 2 and 3, which we will now consider.

Immediately after the collision and when the plaintiff was pinned behind his steering wheel the driver of the tractor got out of his cab and going to the plaintiff's truck, which would require but a step or two, made the statement in question. The statement was made immediately after the collision and right where it took place. The cars were then locked together at an angle, and the statement of the driver, made in the excitement of the occasion, was or could have been found to be a spontaneous explanation of how the collision occurred and the cars got into the position they then were.

The evidence as to what the defendant's driver said was admitted by the court, not on the ground that the driver had authority to make admissions binding his employer—the ground on which the defendant's objection was based—but upon the ground that the statement of the driver was made immediately following the collision and was admissible as a part of the res gestæ.

We think that the statement of the driver tending to show how the accident occurred, made at the place of the accident and immediately after it occurred, as the evidence in this case disclosed, was admissible as a part of the res gestæ. Travelers' Insurance Co. v. Mosley, 8 Wall. 397, 405–409, 19 L.Ed. 437; St. Clair v. United States, 154 U.S. 134, 149, 14 S.Ct. 1002, 1008, 38 L.Ed. 936. The declaration of a bystander, made at the

82

time of an accident or shortly thereafter and tending to show the cause of the accident, was held admissible by the Court of Appeals in this Circuit in the case of Standard Oil Co. of New York v. Johnson, 299 F. 93. And in St. Clair v. United States, supra, the court stated that the res gestæ may comprise those circumstances that are the incidents of a litigated act and illustrative of it. "They [the incidents] may consist of speeches of any one concerned, *whether participant or bystander.*" (Italics supplied.)

■ As to whether such declarations should be admitted in a given case, the general and better rule seems to be that it is largely a question to be determined by the trial court upon consideration of all the circumstances disclosed, including the proximity of the declaration to the occurrence of the accident. In St. Clair v. United States, supra, the Supreme Court approved the rule stated in Greenleaf. It is there said: "These surrounding circumstances, constituting part of the res gestæ * * * may · always be shown to the jury, along with the principal fact, and their admissibility is *determined by the judge according to the degree of their relation to that fact, and in the exercise of his sound discretion;* it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description." (Italics supplied.) See, also, Dorr v. Atlantic Shore Line Railway, 76 N.H. 160, 80 A. 336; St. Laurent v. Manchester St. Railway, 77 N.H. 460, 92 A. 959 (both cited with approval in Standard Oil Co. v. Johnson [C.C.A.] 299 F. 93); 3 Wig.Ev. § 1750.

■ There was also testimony given by the plaintiff's helper, Fortin, to which the defendant objected upon a like ground; but Fortin gave no testimony as to what the defendant's driver said that in any respect bore upon the question of liability or that was otherwise material. All that he testified to was that the defendant's driver said; "There goes my job." This was made the subject of assignment No. 5. The evidence was in no way prejudicial, and the defendant takes nothing by this assignment.

■ The defendant makes the further point in his brief that what the plaintiff said to the defendant's driver at the time of the accident was not a part of the res gestæ and was inadmissible. But the objection and exception taken at the trial did not relate to that matter but to the matter above discussed concerning the declarations and statements of the defendant's driver; and it is not open to him now to raise the point. But in any event we think the declarations made at the time, bearing on the cause of the accident, whether made by the plaintiff or the defendant's driver, stand on the same basis.

■ The fourth assignment of error relates to the following matter:

Henry A. Burns, a member of the state police, being called by the plaintiff, testified that on the morning of the accident he went to the place where it occurred, arriving there about 1 o'clock. After testifying to the conditions he found there, he said that he had some talk with the driver of the defendant's truck and that certain points or places were shown him by one or both of the drivers; but he was not allowed to give any conversation that occurred between himself and either driver. On cross-examination he was asked: "And refreshing your recollection from the remarks on your report, if you wish, did Mr. Baker [the plaintiff] say to you that he touched his brake and started to slew?" and he answered: "Yes, sir. That was the conversation." The court ruled that the witness could not testify what the conversation was between himself and Baker, as the matter was not brought out in direct examination, and the defendant excepted. It does not appear, however, that the court ruled that the evidence introduced on cross-examination should be struck out or that it was struck out. If it was struck out, we do not feel called upon in this case to determine whether it should or should not have been, for the defendant later called Mr. Burns as its own witness, at which time the report referred to as containing the statement made by the plaintiff was read to the jury and the witness testified to such conversation as he could remember that took place between himself and the plaintiff. The defendant was not harmed. It had the benefit of all the witness Burns could testify to.

What has been said covers all the assignments of error relied upon by the defendant.

The judgment of the District Court is affirmed with costs and with interest to the appellee.