FORET, Judge.
This appeal is from a judgment dismissing the plaintiff’s suit for property damages against the defendants, Anne C. Bri-ley and her insurer, State Farm Mutual Automobile Insurance Company. The material issue presented in this appeal is whether the trial court erred in not admitting certain hearsay testimony. We reverse the judgment of the trial court and remand for further proceedings.
On May 7, 1982, at approximately 7:00 A.M., the plaintiff’s son, Roger Cordell, and a friend, Daniel Babineaux, were traveling on West Congress Street in Lafayette, returning home after having delivered a dunking booth for their high school fair. It was raining that morning, and Roger was traveling at about 45 miles per hour. Both Roger and Daniel testified that a dark blue or purple Volkswagon, traveling in the same direction, entered their lane of traffic, causing Roger to take evasive action to avoid hitting the car. As a result of this evasive action, the Cordell truck left the roadway and struck a light pole, causing major damage to the truck. According to Roger and Daniel, the Volkswagon continued on without ever stopping. Roger testified that he was given a ride to his home which was nearby while Daniel remained at the scene of the accident. Daniel then testified that he was approached by a young man who identified himself as Terry Leger and said that he saw the whole thing, followed the offending automobile, parked, and returned to the scene of the accident. The witness then handed Daniel a piece of paper upon which was written “Dark Blue Volkswagon, 291034”. Daniel gave this information to the investigating officer, who turned it over to an officer in the “hit and run” department for investigation. The investigation revealed that the owner of the dark blue Volks- *463 wagon bearing license plate number 291034 was Anne C. Briley of New Iberia, a student at U.S.L. When the defendant was contacted by the police concerning the accident, she told them that she was in the area at that time as she was on her way to a final exam, but denied any knowledge of an accident. Ms. Briley testified at trial that she had owned a dark blue Volks-wagon and was on Congress Street on that date at that time of the morning on her way to U.S.L.
The trial court allowed Daniel to testify as to what occurred in regard to the information given him by Terry Leger, but later ruled that the testimony would be inadmissible. Based upon that ruling, the trial court refused to allow the testimony of Officer Marlett, who conducted the hit and run investigation, except under a proffer. This hearsay testimony is, therefore, in the record before this Court for review.
The trial court ruled that the testimony sought to be introduced was hearsay and, therefore, inadmissible. We are of the opinion that the trial court erred in concluding that the hearsay was inadmissible. While we find that the evidence is clearly hearsay, we feel that it should have been admitted under an exception to the hearsay rule, as part of the res gestae or as an excited utterance or present sense impression.
“In Louisiana, the res gestae doctrine is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime, if the continuous chain of events is evident under the circumstances. LSA-R.S. 15:447, 448; State v. Drew, 360 So.2d 500 (La.1978); State v. Batiste, 318 So.2d 27 (La.1975).”
State v. Kimble, 407 So.2d 693 (La.1981).
“ ‘Res gestae’ declarations are admitted as an exception to the hearsay rule on the theory that spontaneous and impulsive statements, made at substantially the same time as the occurrence, without time for deliberation and fabrication, are truthful. A basic requirement of the res gestae rule is that the declaration be spontaneous and impulsive and made at substantially the same time as the occurrence.” Manuel v. American Employers Ins. Co., 212 So.2d 527, 529 (La. App.3rd Cir.1968). Hemphill v. Strain, 371 So.2d 1179 (La.App.1 Cir.1979), writ refused, 373 So.2d 510 (La.1979).
There is a great deal of significance to the fact that another motorist appeared very shortly after the accident occurred with a license number and description of a car fitting that of the car Roger and Daniel alleged forced them off the road. Daniel had this information in his possession when the police arrived, and it was with this information that the police obtained the identity of the defendant. Unfortunately, the witness, Terry Leger, was not located and did not testify at trial. We feel that the appearance of this witness was part of a continuous chain of events, and his writing was made at substantially the same time as the occurrence.
In the case of State v. Smith, 285 So.2d 240 (La.1973), the victim of a robbery was handed a slip of paper by a bystander, which bore the license number of a vehicle seen at the scene of the robbery. The Supreme Court found the evidence to be hearsay because the witness was not called to testify, but declared that it was admissible as an “excited utterance” or as a “present sense impression”. In its discussion of the exception to the hearsay rule, the Court said:
“In considering first the ‘excited utterance’ exception to the hearsay rule, we find that the basic rationale for admission involves the alleged special reliability of a declaration made in spontaneous reaction to an event sufficiently startling to render normal reflective and fabrica-tive thought processes of the observer inoperative.
It is not generally required that the declarant be actually involved in the event; an excited utterance by a by *464 stander is admissible. Furthermore, the specific identity of the bystander who makes the spontaneous declaration need not be shown. For instance in St. Laurent v. Manchester Street Ry. Co., 77 N.H. 460, 92 A. 959 (1915), the testimony of a bystander passenger that the common cry of the passengers was that the boy ran into the train (and not the train into the boy) was held to be admissible....
An additional ground favoring admissibility is to consider the slip of paper as a present sense impression of the unidentified bystander. This exception to the hearsay rule does not require that the declaration be made in response to an exciting event. The fact that the declaration is made contemporaneously with the event being described adds reliability in that there is no danger of a defective memory rendering the declaration unreliable. Also, in the case of verbal declarations, the declaration will be made in the hearing of the person who later relates the declaration. Therefore, this person will possibly have had an opportunity to observe the event himself, and thus provide a check on the accuracy of the de-clarant’s observation. Even where the declaration is non-verbal, however, the fact that the statement is made contemporaneously with the act or immediately thereafter implies reliability since the de-clarant is unlikely to have had an opportunity to form a purpose to mistake his observations.” Id. at pp. 244, 245.
While we are aware of the danger of admitting hearsay testimony, we do not feel that the admission of the piece of paper bearing the defendant’s license plate number and ear description, and the testimony of Officer Marlett regarding his investigation of the accident based upon the information presented to him by the officer who investigated the accident, are disposi-tive of any issue of fault or liability. This information merely serves to place the defendant in the vicinity of the accident as testified to by Roger and Daniel and as testified to by the defendant herself. The plaintiff still has the burden of proving, by a preponderance of the evidence, that the ' defendant was the cause of his damages.
Accordingly, the judgment of the trial court dismissing plaintiff’s suit is hereby reversed, and the case is remanded to conduct further proceedings consistent with the views expressed herein. Costs are to be assessed upon the final disposition of this matter.
REVERSED AND REMANDED.