## BISAILLON v. BLOOD.

A child of tender years is not precluded from recovering damages for an injury which might have been avoided by the exercise of ordinary care by the defendant, from the fact that his parents or guardian allowed him to place himself in a position of danger without a custodian.

CASE, for the negligent injury of the plaintiff. Verdict for the defendant.

In October, 1886, the defendant, while driving a horse in a carriage on a public street of Manchester, ran over and injured the plaintiff, an infant then five years old, who had wandered from his home without an attendant or custodian, and was playing in the street with other children of about the same age.

The jury were instructed that the plaintiff being too young to exercise care for himself, it was the duty of his parents or natural guardians to exercise care and prudence for him to prevent his being injured, and if they were negligent in this respect, and their neglect contributed to produce the injury complained of, he cannot recover. To these instructions the plaintiff excepted.

*J. B. Pattee* and *J. P. Bartlett*, for the plaintiff.

*Sulloway & Topliff*, for the defendant.

CARPENTER, J. The plaintiff would be entitled to damages for the defendant's negligent injury of his property similarly exposed to danger by the carelessness of his guardian. *Davies* v. *Mann*, 10 M. & W. 546; *Smith* v. *Railroad*, 35 N. H. 366, 367; *Giles* v. *Railroad*, 55 N. H. 555. An infant of such tender years as to be incapable of exercising care is not less under the protection of the law than his chattel. The previous negligence of the plaintiff's parents was immaterial. The only question for the jury was, whether the defendant by the exercise of ordinary care could have prevented the injury; if she could not, she was without fault, and is not liable; if she could, she is liable whether the plaintiff was in the street by reason of, or without, his parents' negligence. In cases of this character, where an irresponsible child or an idiot is, by the negligence of the parent or guardian, exposed to peril without an attendant, or where a chattel is in like manner placed by the owner in a dangerous position, and either is injured by the act of a " voluntary agent present and acting at the time " (*State* v. *Railroad*, 52 N. H. 528, 557), the question of contributory negligence is not involved. The only question is, whether the defendant by ordinary care could or could not have prevented the injury. *Nashua Iron & S. Co.* v. *Nashua Railroad*, 62 N. H.     , and cases cited.

*Exceptions sustained.*

SMITH, J., did not sit: the others concurred.