Coös,          }
June 29, 1907.  }

## ROBINSON *v.* STAHL.

A statement as to the circumstances of an assault, made by the victim after the lapse of so brief an interval as to form an incident of the main transaction, is admissible in evidence in favor of the declarant, as part of the *res gestæ.*

Evidence that a witness declared his intention to testify for the party paying him the most money is relevant upon the issue of his credibility.

An exception to the admission of evidence relevant to any issue in the case ordinarily raises no question of law.

TRESPASS to the person. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1906, of the superior court by *Chamberlin*, J.

During a quarrel the defendant ejected the plaintiff from a house so roughly that she fell and injured her arm. Subject to the defendant's exception, testimony was admitted that before the plaintiff regained her feet she said the defendant pushed her down. Subject to exception, the plaintiff was permitted to show that a witness for the defendant had said he should testify for the side which paid him the most money.

*Jesse F. Libby*, for the plaintiff.

*Sullivan & Daley*, for the defendant.

YOUNG, J. Statements made in the course of a transaction, or so soon thereafter as to form a legitimate part of it, are admissible in favor of the party making them in so far as they tend to explain it or the relation of the parties to it. *Murray* v. *Railroad*, 72 N. H. 32, 37. Consequently, it cannot be said as a matter of law that the court erred in admitting the plaintiff's statement as to the cause of her injury; for there was evidence from which it could be found that it was an incident of the assault. The defendant's contention that there was no such evidence is not sustained by the facts; for although the case does not show just how much time elapsed between the assault and the making of the statement, it does show that it was only so much as was required by the witness to walk forty or fifty feet, or eight or ten seconds.

The evidence as to what the defendant's witness had said about testifying was relevant to the issue of his credibility. Consequently its admission was not error (*Page* v. *Hazelton*, *ante*, 252),

even if it would not have been error to have excluded it (*State* v. *Gates*, 17 N. H. 373, 387) : for an exception to the admission of evidence relevant to any issue in the case (*Darling* v. *Westmoreland*, 52 N. H. 401) usually raises no question of law. *Lambert* v. *Hamlin*, 73 N. H. 138. Since it is not error for the court to admit evidence relevant to any issue in the case, the fact that testimony is of such a nature that it will probably prejudice the party objecting to its admission furnishes no legal ground for disturbing a verdict procured by it. *State* v. *Lapage*, 57 N. H. 245, 255. So even if this testimony is of that character, as the defendant contends, it cannot be said as a matter of law that the court erred in admitting it.

*Exceptions overruled.*

All concurred.