Rockingham, }
June 6, 1911. }

### Dorr, *Adm'r*, *v.* Atlantic Shore Line Railway.

Evidence that a motorman ran an electric car at a speed of fifteen miles an hour at the junction of highways, without taking any precautions for the safety of travelers who might be crossing at that point, warrants a finding of negligence on his part.

In an action for negligence resulting in the death of a child five and a half years old, it is not incumbent upon the plaintiff to show the infant's freedom from fault.

A statement by the victim of an accident as to the cause of his injury is admissible in evidence when it is so connected with the principal fact in issue as to form a part of it; and whether such a declaration should be admitted in a given case is largely a question to be determined by the trial court, upon a consideration of all the circumstances disclosed.

Case, for personal injuries resulting in the death of the plaintiff's intestate. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1910, of the superior court by *Chamberlin*, J., on the defendants' exceptions to the denial of a motion for a nonsuit and to the admission of evidence of the declaration of the intestate, made about ten minutes after the accident and after he had been carried to his home, to the effect that the car ran over him.

*Kelley, Harding & Hatch*, for the plaintiff.

*Kivel & Hughes*, for the defendants.

WALKER, J. The evidence justified the jury in finding the following facts: The plaintiff's intestate at the time of his injuries was a boy five and one half years old. About ten minutes before he was injured he left the house of a neighbor, which was located nearly opposite the junction of Keene avenue and the highway leading from York to Kittery. The place of the accident was in Maine. It does not appear that any one saw him after he left the neighbor's house until just after the passing of a mail car on the defendant's electric line which it operated along the highway above mentioned. The track of the railway ran along the side of the highway opposite the house where the boy was last seen. In order to go from that house to his home on the avenue, it was necessary for him to cross the track, which he would naturally do at the junction. The highway was some thirty feet wide; and while crossing the street in the manner suggested, the boy would have been in plain sight of the motorman, who might have reduced the speed of the car in time to avoid running onto him. But it is conceded that the motorman did not see him before the accident and did nothing to avoid injuring him. He was apparently running his car at the rate of some fifteen miles an hour and took no precautions for the safety of travelers who might be crossing at the junction. Upon such evidence, argument is unnecessary in support of the finding that the defendant was negligent and that its negligence was a proximate cause of the boy's fatal injuries.

Nor is it necessary to discuss the question whether the motorman could have seen the boy in time to avoid striking him, if he had been approaching the track from the other direction, as he might have been, since upon a reasonable construction of the evidence the jury may have reached their verdict on the theory that he was returning to his home from the neighbor's house, and would have been in plain sight of a motorman who was exercising reasonable care to avoid injuring people at that point. It cannot be said that this is mere conjecture.

Though there is no evidence what the boy did for his own protection, it is not essential that there should be any. Contributory negligence is not imputable to a child of his age. *Bisaillon* v. *Blood*, 64 N. H. 565; *Warren* v. *Railway*, 70 N. H. 352; *Carney* v. *Railway*, 72 N. H. 364.

The admission in evidence of the little boy's statement a few minutes after he was injured that the car ran over him does not

appear to have been erroneous as a matter of law. It cannot be said that the court, in the exercise of a reasonable discretion as to the question of the remoteness in time of the declaration from the injury, could not find under all the circumstances that it was so connected with the principal fact in issue as to be a part of it. There is no rule of law that determines with precision the number of minutes after an accident that may elapse before one's declaration of the occurrence ceases to have the character of *res gestæ* and becomes mere narrative. Much must be left to the discretion of the court in admitting or rejecting such testimony. *Murray* v. *Railroad,* 72 N. H. 32; *Robinson* v. *Stahl,* 74 N. H. 310.

*Exceptions overruled: judgment on the verdict.*

All concurred.