Coös,
March 7, 1916.

WILLIAM WILSON, *Adm'r*, *v.* GRAND TRUNK RAILWAY COMPANY.

A railroad engaged in interstate commerce is not liable under the federal employers' liability act (35 U. S. Stat. 65) for injuries received by one of its employees so engaged, where the sole cause of the employee's injury was his own act in violation of the railroad's rules, there being no evidence of any negligence on the part of the railroad or its employees or of any defect in equipment.

A statement of a brakeman as to the cause of an accident to his co-employee, if merely the narration of a past occurrence, is not admissible as matter of law.

CASE, to recover for the death of the plaintiff's intestate, Philip Wilson, while in the defendants' employ, brought under the federal employers' liability act, of April 22, 1908; 35 U. S. Stat. 65 (*c.* 149). Trial before *Branch*, J., and a jury. Transferred from the September term, 1915, of the superior court upon the plaintiff's exceptions to the exclusion of evidence and to an order of nonsuit.

The plaintiff's evidence tended to prove the following facts.

Philip Wilson was employed as a car inspector and repairer by the defendants. While he was engaged with another workman in replacing three brake-hangers upon the westerly car of a string of twenty-three cars standing upon a track in the Berlin yard, other employees of the defendants in charge of the Berlin train, so called, attempted to couple it to the easterly end of the string and from the movement thereby caused in the car upon which Wilson was working he received injuries causing his death. The rules of the company required the display of a blue flag at both ends of a car or train about or under which repair was being made and forbade the coupling to or moving of cars so protected. The deceased and his companion undertook the replacement of the brake-hangers, an operation requiring only a few minutes to perform, without putting up the cautionary signals required by the rules. The plaintiff offered the statement of a brakeman of the Berlin train, made shortly after the accident, as to its cause; which evidence was excluded subject to exception. There was evidence that the car upon which repair was being made had just previously been used in interstate or foreign commerce and that after the repair it was next used in intrastate traffic.

*Ovide J. Coulombe* and *Sullivan & Daley* (*Mr. Coulombe* orally), for the plaintiff.

*Rich & Marble* and *Drew, Shurtleff, Morris & Oakes* (*Mr. Marble* and *Mr. Morris* orally), for the defendants.

PARSONS, C. J.   If it should be determined that it could be found, as the plaintiff contends, that Philip Wilson was at the time of the injury employed in interstate or foreign commerce within the meaning of the statute (35 U. S. Stat. 65 (*c.* 149)) such conclusion would not establish error in the order of nonsuit.   The statute renders the common carrier by railroad, so engaging, liable for injuries sustained by an employee while employed by such carrier in such commerce "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."   But there was no evidence before the jury of any negligence in the defendants or any of their employees other than the plaintiff or of any defect in equipment as a cause of the injury.   Its sole cause as the case was presented was the act of the deceased, who in disobedience of the rules attempted to make repair without the protection required by them.   There is no evidence the rules were insufficient, or were unknown to or misunderstood by him, or that he relied upon any other employee to put up the warning signals, or understood they had been placed.   The evidence is to the contrary, the rule was plain, imperative; the deceased knew and understood it and knew it was not followed.   Whether he assumed the risk of working without the proper protection or was guilty of negligence in so doing is immaterial.   No negligence in the defendants being shown as a part of the cause of the injury, they are not made liable therefor by the statute.

The statement of the brakeman as to the cause of the accident as the narration of a past occurrence was not admissible as matter of law.   *Nebonne* v. *Railroad*, 67 N. H. 531.   Whether it had such connection with the occurrence as to raise such a presumption of verity that its consideration would have aided the jury is a question of fact as to which no question of law is presented by the exception to the order of exclusion.   *St. Laurent* v. *Railway*, 77 N. H. 460; *Nawn* v. *Railroad*, 77 N. H. 299; *Madden* v. *Railroad*, 76 N. H. 379; *Dorr* v. *Railway*, 76 N. H. 160; *Robinson* v. *Stahl*, 74 N. H. 310; *Murray* v. *Railroad*, 72 N. H. 32.

*Exceptions overruled.*

All concurred.