United States Court of Appeals
for the First Circuit
No. 7356

JAMES HAROLD BELLOTTE & *a.*

v.

ZAYRE CORPORATION

January 31, 1976

*Wiggin & Nourie* and *W. Wright Danenbarger (Mr. Danenbarger* orally) for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Neely, Freeman & Hawkins,* of Georgia *(Mr. Joe C. Freeman, Jr.* orally), for the defendant.

GRIMES, J. Certification pursuant to rule 20 of this court (RSA 490:App. R. 20 (Supp. 1975)) of a question of law by the United States Court of Appeals for the First Circuit to this court as to the standard for determining whether a product is"unreasonably dangerous to the user or consumer as provided by Restatement of Torts 2d § 402A(1)". The question was argued in this court on December 2, 1975.

The question certified is as follows: "Where a five-year old child who was playing with matches is seriously burned when his pajama top ignited; where the fabric was not treated with an effective fire-retardant material, but was 100% cotton of a type in general use at the time of the accident for the manufacture of such clothing; and where the question for the jury is whether such fabric is 'unreasonably dangerous to the user or consumer' as provided by Restatement of Torts 2d § 402A(1), should the definition of 'unreasonably dangerous' be framed in terms of the five-year old child who uses the pajamas or in terms of the child's parent who purchases them?"

On the issue of strict liability, the case was tried and submitted to the jury under the rule of Restatement (Second) of Torts § 402 A (1) (1965) as being the law of New Hampshire under *Buttrick v. Lessard,* 110 N.H. 36, 260 A.2d 111 (1969).

Section 402 A (1) provides in relevant part that, "One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer . . . ."

The use of the phrase "unreasonably dangerous" by its very

terms rules out the imposition of strict liability merely because there is some danger. Sellers are not insurers nor are they subject to absolute liability *(Elliott v. LaChance,* 109 N.H. 481, 484, 256 A.2d 153, 156 (1969)) and the court so instructed the jury in this case; *see* Annot., 13 A.L.R.3d 1057, 1066 (1967). Under the rule of strict liability which governed this trial, liability is imposed only when the danger is unreasonable. Reasonableness in the law is always determined by the objective standard of the ordinary person of average prudence taking into consideration all relevant circumstances including the age and experience of the individual whose conduct is involved. However, it has been held that since children five years of age have no capacity to perceive and appreciate dangers and to exercise judgment, they are incapable of being negligent. *See Dorr v. Railway,* 76 N.H. 160, 161, 80 A. 336, 337 (1911); *Bisaillon v. Blood,* 64 N.H. 565, 566, 15 A. 147, 148 (1888).

The test for determining whether a product is "unreasonably dangerous" under Restatement (Second) of Torts § 402 A (1) (1965) as stated in Comment *i* is that it "must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics". *See* Annot., 54 A.L.R.3d 352, 357 (1973). The trial court instructed the jury that the basic question for decision was: "Were the pajamas in a defective condition unreasonably dangerous to a child of Jimmy Bellotte's age ...?" He then instructed them as to the definition of "unreasonably dangerous" as quoted above from Comment *i* and then stated that "the ordinary consumer, for purposes of this case, is the parent of a five year old child purchasing the pajamas for such a child." He further stated the question as being, "What knowledge would such a parent have common to the community as to the flammability characteristics, that is the burning characteristics, of children's pajamas?"

Plaintiffs contend that this was error and that the test should be whether they were dangerous to an extent beyond that which would be contemplated by the ordinary five-year-old child. But five-year-old children lack the capacity to contemplate even the unavoidable danger which is inherent in any cotton fabric, whether treated or not. To apply the standard urged by the plaintiffs would, therefore, make the seller an insurer, a path we decline to follow. *Elliott v. LaChance supra;* W. Prosser, Torts § 79, at 517 (4th ed. 1971); Annot., 13 A.L.R.3d 1057, 1066 (1967); Note, *Strict*

*Products Liability in Tort and the Meaning of Unreasonably Dangerous Defects,* 8 Urban L. Ann. 343, 349 (1974); Restatement (Second) of Torts § 402 A, Comment *k* (1965).

Plaintiffs rely heavily on *Jackson v. Coast Paint and Lacquer Company,* 499 F.2d 809 (9th Cir. 1974), which involved a painter who was injured when paint fumes ignited while he was painting the inside of a tank car. It was held that the paint was unreasonably dangerous in the absence of adequate warnings as required by Restatement (Second) of Torts § 402 A, Comment *j* (1965). Although the court recognized that in some instances, where there was no practical way to give notice to the employee, notice to the employer or supervisor would suffice, it stated that, "At least in the case of paint sold in labeled containers, the adequacy of warnings must be measured according to whatever knowledge and understanding may be common to painters who will actually open the containers and use the paints." *Id.* at 812.

In *Jackson* the court was dealing only with adequacy of warning of a product unreasonably dangerous without warnings, while here we are dealing not with warnings, but with the initial question of whether the product was unreasonably dangerous. Naturally, in the case of warnings, when it is practical to do so the warning should be given to the person who will use the product. Even if warnings were in issue in this case, it would be impractical to give them to the ultimate user — a five-year-old child. The same circumstances which would make it impractical for the seller to give warnings to five-year-old users of the pajamas also make it impractical to use the five-year-old standard in determining the unreasonableness of danger. Children of that age do not contemplate even the unavoidable dangers of cotton pajamas and their flammable characteristics. There would therefore be no base from which to determine unreasonableness and the seller would become an insurer. In *Jackson* the court dealt with adults who would qualify under section 401 A as the "ordinary consumer" having "the ordinary knowledge common to the community".

The answer to the question certified is that the definition of "unreasonably dangerous" should be framed in terms of the parent who purchases the pajamas for the five-year-old child.

*Remanded.*

All concurred.

ON MOTION FOR REHEARING: After the foregoing opinion was filed, plaintiff filed a motion for rehearing.

*W. Wright Danenbarger* for the motion.

*Joe C. Freeman, Jr.,* opposed the motion.

GRIMES, J. The opinion dated January 31, 1976, is modified by striking out the paragraph on page 54 beginning with the words, "The test for determining...", and substituting the following: Plaintiffs contend that this was error and that the test should be whether they were dangerous to an extent beyond that which would be contemplated by the ordinary five-year-old child. But five-year-old children lack the legal capacity to contemplate danger which may be inherent in any cotton fabric. To judge the standard of "unreasonably dangerous" in terms of a five-year-old child would make any product manufactured for such a child from which injury results, unreasonably dangerous as a matter of law. *Elliott v. LaChance,* 109 N.H. 481, 256 A.2d 153 (1969); W. Prosser, Torts § 79, at 517 (4th ed. 1971); Annot., 13 A.L.R.3d 1057, 1066 (1967); Note, *Strict Products Liability in Tort and the Meaning of Unreasonably Dangerous Defects,* 8 Urban L. Ann. 343, 349 (1974).

*Opinion modified.*

February 27, 1976.