Bradley BRAWNER, a minor, by Maurice E. Brawner, his father and n/f, Appellant,

v.

LIBERTY INDUSTRIES, INC., et al., Respondents.

No. 38904.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 5, 1978.

King, Yusman & Buechner, Joseph L. Racine, St. Louis, for appellant.

Joseph M. Kortenhof, William S. Daniel, St. Louis, for respondents.

SMITH, Judge.

Plaintiff appeals the order of the trial court dismissing with prejudice his suit against defendants brought under a theory ·of strict liability in tort. We affirm.

Plaintiff is seven years old and was burned when he and Ray Middleton, Jr., also seven years old, removed the lid from a gasoline storage container and the gasoline ignited. The gasoline container was manufactured by defendant Liberty Industries, Inc., and purchased by Ray Middleton (presumably the younger Middleton boy's father) from defendant National Food Stores, Inc. and its store manager defendant Ippellito. The allegation upon which plaintiff sought to invoke the strict liability doctrine was:

> "That the failure of said gasoline storage container to be equipped with an opening device which would render same to unable to be opened by a child of seven years constitutes a defect in design and an unreasonably dangerous condition of said gasoline storage container."

In *Keener v. Dayton Electric Mfg. Co.*, 445 S.W.2d 362 (Mo.1969), Missouri adopted the theory of strict liability in tort set forth in Restatement of Torts 2d, Sec. 402 A as follows:

> "One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer or to his property, . . .."

In Missouri a defect in design can meet the requirement of "defective condition". See *Keener, supra; Higgins v. Paul Hardeman, Inc.*, 457 S.W.2d 943 (Mo.App. 1970).

Under Comments to Sec. 402 A para. (g), we find that a defective condition is a "condition not contemplated by the ultimate consumer which will be unreasonably dangerous to him." Paragraph (i) of the Comments states that "Unreasonably dangerous" means "The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." A gasoline container which does not have a child-proof spout does not meet the definition of either defective or unreasonably dangerous. A manufacturer is not an insurer nor must he create a product which is accident proof. See *Royal v. Black and Decker Manufacturing Co.*, 205 So.2d 307 (Fla.App.1968); *Vincer v. Esther Williams All-Aluminum Swimming*

*Pool,* 69 Wis.2d 326, 230 N.W.2d 794 (1975); *Bellotte v. Zayre Corp.,* 116 N.H. 52, 352 A.2d 723 (1976). We have found no case, nor have we been cited to one, where a product made for adult use is deemed defective and unreasonably dangerous solely because it has not been made child-proof. The trial court correctly dismissed plaintiff's petition.

Plaintiff objects to the trial court's failure to allow plaintiff an opportunity to amend. Initially, the record does not indicate plaintiff ever requested such an opportunity. Secondly, plaintiff has not indicated what amendment he would or could make to state a cause of action.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.