550 So.2d 482 (1989)
GOMACO CORPORATION, Appellant,
v.
Michael J. FAITH and Bonnie L. Faith, Appellees.
No. 88-02398.
District Court of Appeal of Florida, Second District.
August 4, 1989.
Rehearing Denied September 13, 1989.
James A. Young of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Tampa, for appellant.
Edward D. Carlson of Carlson, Meissner, Web & Crider, P.A., Clearwater, for appellees.
CAMPBELL, Chief Judge.
Appellant, Gomaco Corporation, appeals the final judgment entered pursuant to a jury verdict awarding damages and costs to appellees, Michael J. Faith and his wife, Bonnie L. Faith. We reverse for a new trial on the issues of liability and damages.
Appellee, Michael J. Faith, an employee of Dolphin L & S Company, was operating a curbing machine manufactured by appellant, Gomaco, when he suffered severe injuries resulting in the partial amputation of his foot by subsequent surgery. Appellees' actions against appellant alleged negligence, strict liability and breach of an implied warranty of merchantability. While appellant raises several issues in this appeal, we find merit and therefore reverse for a new trial only in regard to photographs introduced by appellees which we find overwhelmingly prejudicial to appellant.
*483 The offensive photographs introduced by appellees were particularly gruesome and inflammatory pictures of appellee Michael Faith's nearly severed foot taken shortly after the accident and prior to surgery. They were introduced during the testimony of the surgeon who performed the operative procedures on appellee Michael Faith's foot. The photographs were taken prior to surgery at the request of the surgeon who testified that the photographs would assist him in describing to the jury the surgical procedures that were necessary and the extent of the injuries to appellee Michael Faith.
Photographs that are gruesome, offensive and/or inflammatory must be relevant to an issue required to be proved in the case. Welty v. State, 402 So.2d 1159 (Fla. 1981). While the photographs may have been tangentially relevant to appellees' case, their relevance is overwhelmingly outweighed by their gruesome and inflammatory nature. § 90.403, Fla. Stat. (1987). The photographs do not in themselves independently establish any material part of appellees' case nor were they necessary to corroborate some disputed factual issue. Because we cannot determine that the highly inflammatory nature of the photographs did not permeate the entire case to the prejudice of appellant, we must reverse and remand for a new trial on all issues.
Appellant raises other evidentiary issues which we find unnecessary to address inasmuch as we cannot determine in advance of retrial in what manner or on the basis of what predicate those matters may again arise. We simply caution the parties that where evidence is offered as an exception to established rules regarding admissibility of evidence, the predicate for the exception must be clearly shown.
Reversed and remanded for new trial.
RYDER and SCHOONOVER, JJ., concur.