**Johnny A. EADS, by his Mother and Next Friend, and Charlene EADS, and Charlene Eads, Individually, Plaintiffs,**

**v.**

**BIC CORPORATION, et al., Defendants.**

**No. 88–0017–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Sept. 29, 1989.

Lawrence R. Magee, Hines & Magee, Stephen L. Mowry, Max Von Erdmannsdorff, Von Erdmannsdorff & Zimmerman, Kansas City, Mo., for plaintiffs.

Stephen S. Brown, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., and Robert T. White, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, Minn., for Bic Corp.

Jack T. Bangert, Kevin Locke, Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, Mo., for Walmart Stores.

ORDER

WHIPPLE, District Judge.

■ Before the court is a motion filed by defendant Bic Corporation on June 15,

1989, seeking summary judgment in its favor on Count VI of the complaint. Plaintiff Johnny A. Eads filed suggestions in opposition on July 24, 1989. Defendants Bic Corporation and Wal–Mart filed reply suggestions on August 4, 1989. By joining in the reply, defendant Wal–Mart will be presumed to have joined in the motion even though (1) Wal–Mart did not appear as a movant in the original motion and (2) Wal–Mart is not named specifically as a defendant in Count VI. The motion and opposing suggestions each were accompanied by supporting evidence. For the reasons set forth below, the motion for partial summary judgment will be granted in part and denied in part.

This action concerns injuries sustained by a small child allegedly due to handling a disposable butane lighter manufactured by defendant Bic Corporation. The motion seeks dismissal of Count VI of the complaint, which is:

COMES NOW the minor Plaintiff and for his claims against the Defendant, BIC CORPORATION, states and alleges as follows:

1. He restates and realleges each statement and allegation contained above in Allegations Common To All Counts and Counts I through V.

2. That the Defendant BIC CORPORATION was careless and negligent in designing, marketing, advertising, selling and promoting its disposable lighters in that it knew or should have known that such lighters could be easily operated and manipulated by young children such as JOHNNY EADS, and that such a device contains therein the potential for catastrophic fire and injury. It is designed and manufactured in such a way as to permit butane gas to escape in large quantities, and to pool against clothing and persons in such a manner as to explode when finally ignited; and it was designed and manufactured in such a way as to allow an excessive amounts [sic] of butane gas to escape at any usage giving it the propensity to cause a large and sudden flame and to engulf clothing or objects in flame. This Defendant failed to equip the lighter with child-proof safety devices or other apparatus to prevent the, aforementioned, [sic] unwanted flow of gas.

3. That as a direct and proximate result of the carelessness and negligence of the Defendant BIC CORPORATION the minor child JOHNNY EADS was injured as is more fully described above.

4. That as a result of the acts of the defendant BIC CORPORATION it is liable for exemplary damages for the reasons as is [sic] more fully set forth above.

WHEREFORE, the Plaintiff JOHNNY EADS prays for judgment against the BIC CORPORATION in the sum of Ten Million Dollars ($10,000,000.00) for exemplary damages and the sum of Ten Million Dollars ($10,000,000.00) and for his costs herein incurred and expended.

In their motion, defendants rely on their assertion that Bic Corporation owed no duty to plaintiff to manufacture a childproof lighter. In support of their motion, defendants submitted parts of depositions from plaintiff Charlene Eads and engineering expert Donald J. Myaronuk. They also submitted a copy of the printed material on a product package, including the warnings: "KEEP AWAY FROM CHILDREN" and "KEEP OUT OF REACH OF CHILDREN".

Two orders granting partial summary judgment in other jurisdictions also were attached to defendants' motion: *Bradley v. Bic Corporation,* No. GC–G–88–391 (Polk County Fla.Ct. May 31, 1989) and *Adams v. Perry Furniture Company,* No. 86 320049 NP (Oakland County Mich.Circ.Ct. June 2, 1989). The *Bradley* case clearly stands for the proposition that failure to make a disposable lighter (a product intended for adult use) childproof will not support an action for negligence or for strict liability. Neither the subject matter nor the reasoning in the *Adams* case are set forth in the order, so its value on the issue of "childproofing" is negligible.

Like the court in *Bradley,* defendants rely upon *Brawner v. Liberty Industries,*

*Inc.,* 573 S.W.2d 376, 377 (Mo.App.1978), wherein the court said:

> A gasoline container, which does not have childproof spout, does not meet the definition of either defective or unreasonably dangerous. The manufacturer is not an insurer, nor must he create a product which is accident proof ... We have found no case, nor have we been cited to one, where a product made for adult use is deemed defective and unreasonably dangerous solely because it has not been made childproof.

Plaintiff responds that the claim in Count VI is not limited to a failure to make the lighter childproof. Plaintiff's brief says, at page 3:

> "The injury incurred in the instant case could as easily have been incurred by an adult user of the disposable lighter. The injury occurred due to an unwanted flow of gas erupting from the lighting of the product. Separate Defendant's negligence was in failing to provide safety devices to prevent this unwanted flow of gas."

Only one distinction is drawn by plaintiff between his claim and the cases cited by defendants. The distinction is that defendants' cases concern safety risk to children, and Count VI does not limit its claim to the risk to children. Nevertheless, plaintiff does not effectively rebut defendants' argument that Bic had no duty to make its lighter childproof.

In reply, defendants do not suggest that Count VI is limited entirely to the childproofing issue. Rather, they reassert their argument, and conclude with a request that actually is narrower in scope than that in the original motion. Whereas the motion seeks summary judgment on Count VI, the reply requests summary judgment only on "those allegations ... which allege the lighter in question was defective on the basis of failure to design, manufacture and sell a childproof product."

A fair reading of Count VI reveals that it actually contains two claims, i.e., (1) that the lighter was negligently and defectively designed for failure to make it childproof and (2) that it was negligently and defectively designed such that it would "permit butane gas to escape in large quantities, and to pool against clothing and persons in such a manner as to explode ... [or] to cause a large and sudden flame and to engulf clothing or objects in flame." The second claim concerns "persons" without qualification. It does not restrict itself to persons who are young, or to children. Therefore, the claim concerning childproofing could be stricken without affecting the other claim.

The facts and law presented in the motion, response and reply show that plaintiff and defendants both are correct. Bic has demonstrated (and plaintiff has not been able to refute) that, as a matter of law, Bic owed no duty to make the lighter childproof. Therefore summary judgment should be entered against plaintiffs on that claim. However, plaintiffs should be allowed to maintain the remaining part of Count VI as it relates to design in regard to people generally (rather than children in particular). Defendants, as movants, have not met their burden to show there is no genuine issue concerning the product design in regard to people generally. Accordingly, summary judgment cannot be entered for that part of Count VI which addresses the product design for people generally.

Rule 56, Fed.R.Civ.P., provides for entry of summary judgment where there is no genuine issue of material fact remaining for resolution. Even when the evidence is viewed in the light most favorable to the nonmoving party, defendants are entitled as a matter of law to judgment on the issue of whether there was a duty to make the disposable lighter childproof. There is no genuine question of material fact on that issue. Whether there was negligence in the design (apart from the childproofing question) is a matter remaining to be resolved, however.

It is

ORDERED that defendants' motion, filed June 15, 1989, for partial summary judgment is granted in part and denied in part. It is further

ORDERED that summary judgment shall be entered in favor of defendants and against plaintiffs in regard to the issue of negligence for failure to use a childproof design. It is further

ORDERED that summary judgment in regard to the remainder of Count VI shall be denied.