600 So.2d 503 (1992)
HOBART CORPORATION, a foreign corporation, Appellant,
v.
Allan T. SIEGLE, a minor, by and through his legal guardian Mary E. HOERBER, and Steven Siegle and Bettye Siegle, individually, Appellees.
Nos. 90-2595, 90-1208.
District Court of Appeal of Florida, Third District.
June 9, 1992.
Thompson, Hine & Flory, and Stuart Eilers, Cleveland, Ohio, Blackwell & Walker, and James E. Tribble, Miami, for appellant.
Perse & Ginsberg, and Edward Perse and Lawrence Rodgers, Miami, for appellees.
Before BARKDULL, BASKIN and LEVY, JJ.

SUBSTITUTED OPINION
PER CURIAM.
We deny Hobart Corporation's motion for rehearing and motion for certification. We substitute the following opinion for the opinion issued March 10, 1992.
*504 Hobart Corporation appeals a final judgment in favor of plaintiff Allan Seigle, a minor, and his parents. The trial court entered judgment after a jury trial in plaintiffs' products liability action to recover damages for injuries Allan suffered when he put his hand in a food grinder in use at his parents' pizza restaurant. For the following reasons, we affirm the final judgment.
First, we are not persuaded that the trial court's evidentiary rulings require reversal. The trial court did not abuse its discretion in admitting evidence of prior accidents involving an earlier model of Hobart's product;[1] the evidence demonstrates that the children injured in those accidents had put their hands into the throat of a substantially similar product. See Friddle v. Seaboard Coast Line R.R. Co., 306 So.2d 97 (Fla. 1974); Lasar Mfg. Co., Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); cf. 3-M Corp. McGhan Medical Reports Div. v. Brown, 475 So.2d 994 (Fla. 1st DCA 1985). As to the testimony of three children who suffered amputation of a hand as a result of incidents involving a similar Hobart product, we agree that it would have been preferable for appellees to proffer the complaints filed in the lawsuits, but we do not discern any trial court abuse of discretion in permitting the testimony. See Lasar, 436 So.2d at 236; see also Sims v. Brown, 574 So.2d 131 (Fla. 1991); Trees v. K-Mart Corp., 467 So.2d 401 (Fla. 4th DCA), review denied, 479 So.2d 119 (Fla. 1985); cf. Gomaco Corp. v. Faith, 550 So.2d 482 (Fla. 2d DCA 1989), review denied, 558 So.2d 18 (Fla. 1990). Furthermore, the court's exclusion of evidence of the absence of reported accidents involving the product model that Allan was using does not merit reversal. The court did not abuse its discretion in excluding such evidence. The evidence showed that children the same age as Allan could put their hands down the throats of both models. Therefore, the absence of reported accidents was not probative of a material issue such as the nonexistence of a dangerous condition.[2]See C. Ehrhardt, Florida Evidence § 411.2 (1992) and cited cases; cf. Harless v. Boyle-Midway Div., Am. Home Products, 594 F.2d 1051, 1053 (5th Cir.1979) (trial court erred in excluding evidence that no deaths occurred when new label warned about product danger). Accordingly, we conclude that the trial court did not abuse its discretion in its evidentiary rulings. See Sims, 574 So.2d at 133-134.
Second, we disagree with Hobart's contention that the trial court erred in rulings pertaining to jury instructions. Contrary to Hobart's assertion, the trial court did not inadvertently omit the bracketed portion of the product liability instruction referring to the risk-benefit test.[3] A review of the record discloses that Hobart agreed to withdraw its requested instruction, stating that it was "pretty much repetitive" of appellees' instruction. The trial court announced that it would give appellees' product liability instruction and Hobart's *505 requested instruction on negligent and defective design that included the risk-benefit analysis.[4],[5] Hobart did not object at that point, or at any other time, prior to the verdict, to the court's failure to deliver the instruction it now alleges was erroneously omitted. Thus, the error, if any, was not preserved for review. City of Orlando v. Birmingham, 539 So.2d 1133 (Fla. 1989); see City of Sunrise v. Bradshaw, 470 So.2d 804 (Fla. 4th DCA 1985).
Furthermore, the court did not commit reversible error in instructing the jury, as part of the strict liability instructions, that Allan was a user of the product.[6] Assuming, without deciding, that the trial court erred in giving the instruction, any error was harmless.[7] The trial court's discretion to give an instruction will not be disturbed absent prejudicial error. Goldschmidt v. Holman, 571 So.2d 422 (Fla. 1990). "Any technical error in the ... jury instruction could not have confused or deceived the jury when viewed in light of all the evidence and the other jury instructions given in the cause." Rety v. Green, 546 So.2d 410, 424 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla. 1989). Evidence in the record demonstrates that Hobart knew that children were sometimes in the vicinity when the product was in use and that children had been injured by the product. See Rety, 546 So.2d at 423. Consequently, the instruction could not have misled the jury or induced it to reach an unwarranted verdict finding Hobart liable. See generally Life Ins. Co. of No. Am. v. Del Aguila, 417 So.2d 651, 652 (Fla. 1982). The jury instructions as a whole reflect that the jury was not directed to determine product defectiveness from Allan's point of view. E.g., Bellotte v. Zayre Corp., 116 N.H. 52, 352 A.2d 723 (1976). The risk-benefit instruction told the jury to apply an objective standard by considering the product's defectiveness in light of the "common knowledge and normal public expectation of danger." Auburn Mach. Works Co., Inc. v. Jones, 366 So.2d 1167, 1170 (Fla. 1979). Thus, any error that may have occurred from the giving of the challenged instruction does not mandate reversal.
Hobart's remaining points lack merit.
*506 Accordingly, we affirm the final judgment.
NOTES
[1] Allan was injured by a post-1975 No. 12 commercial food grinder attachment that had a 6 inch cylindrical vertical "throat" with a 1.97 inch "mouth." The food is inserted into the "mouth." The pre-1975 model had a 2.5 inch "mouth" and a 4.5 inch "throat."
[2] Hobart's witnesses testified that they knew that children had injured themselves on the pre-1975 model. However, in designing the present product model, Hobart did not conduct tests involving young children. The design change did not alleviate the danger of injury to young children.
[3] The notes to Florida Standard Jury Instructions on product liability provide that the jury may be instructed as to the consumer expectation analysis, Restatement (Second) of Torts § 402A, comment i, and/or the risk-benefit test in order to determine product defectiveness. The instruction provides: "A product is unreasonably dangerous because of its design if [the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [or] [the risk of danger in the design outweighs the benefits]." Fla. Std. Jury Instr. (Civ.) PL 5. Both tests require application of the objective standard to determine the defective nature of the product. The consumer expectation test requires consideration of the ordinary consumer's expectations. The risk-benefit analysis requires consideration of the "normal public expectation of danger." Auburn Mach. Works Co., Inc. v. Jones, 366 So.2d 1167, 1170 (Fla. 1979).
[4] In determining whether the product was defectively designed and whether the risk of danger in the design outweighed the benefit of the product, the court instructed the jury to consider "the usefulness and desirability of the products, the availability of other and safer products to meet the same need, the likelihood of injury and its probable seriousness, the obviousness of the danger, common knowledge and normal public expectation of danger, avoidability of injury by care and use of the product, and the ability to eliminate the danger without seriously impairing the usefulness of the product or making it unduly expensive."
[5] The transcript reveals that the written jury instructions were composed of portions of the submitted instructions that the court cut and pasted together. The record does not include appellees' requested instruction on the product liability issue; the copy of the instructions that the judge cut and pasted does not include the bracketed portions.
[6] The instruction read: "The Court instructs you, as a matter of law, that Allan T. Siegle, a minor, is a `user/consumer' as contemplated within the law of products liability." See Restatement (Second) of Torts § 402A and comment 1. The uncontroverted evidence indicated that Allan was injured while he was using the product for the use intended, namely, to grind cheese. Cf. High v. Westinghouse Elec. Corp., 559 So.2d 227 (Fla. 3d DCA 1989).
[7] In West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976), the Florida Supreme Court adopted the theory of strict liability stated in Restatement (Second) of Torts § 402A and extended a manufacturer's liability to bystanders. The court announced that "strict liability should be imposed only when a product the manufacturer places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." West, 336 So.2d at 86. West, 336 So.2d at 89, extended the availability of a cause of action under § 402A beyond those persons delineated in the Restatement. Therefore, whether Allan was a user, consumer or bystander, he was entitled to bring a strict product liability action. Furthermore, Allan is not precluded from bringing a strict liability action by the fact that the product defect was passive rather than active. Moffat v. U.S. Foundry & Mfg. Corp., 551 So.2d 592, 593 (Fla. 2d DCA 1989). Hobart's counsel acknowledged the West rule during the charge conference when he said, "We all, I think, agree that the law under West requires a minor or bystander or anybody else injured by a defective product is entitled to recovery."