Ritch, Adm. v. A M Gen'l                    CV-93-451-SD 11/17/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Manton Ritch, Administrator and
Sandra J. Ritch, Administratrix
 of the Estate of Todd Ritch


        v.                            Civil No. 93-451-SD


A M General Corporation



                            **O R D E R**

        Manton Ritch and Sandra J. Ritch, Administrator and

Administratrix, respectively, of the Estate of Todd Ritch, bring

this wrongful death action against A M General Corporation, the

manufacturer of a vehicle in which plaintiff's decedent was a

passenger while on active duty with the National Guard in Saudi

Arabia.  The complaint alleges, in essence, failure to warn

regarding the vehicle's safety.  Presently before the court are

various pretrial motions.


1.  Defendant's Motion in Limine to Bar Plaintiff from

Introducing Expert Rebuttal Testimony (document 67)

        Defendant claims that plaintiff did not file a timely

disclosure of expert rebuttal testimony as was required by Rule

26(a)(2)(C), Fed. R. Civ. P.,  which provides that

> the disclosures shall be made at least 90 days
> before the trial date or the date the case is to
> be ready for trial or, if the evidence is intended
> solely to contradict or rebut evidence on the same
> subject matter identified by another party . . .
> within 30 days after the disclosure made by the
> other party.

In January 1997, defendant disclosed the expert testimony of Mr. Bartlett. Approximately nine months later at the final pretrial, plaintiff's attorney indicated that his expert, Mr. Rapperport, would offer rebuttal testimony against Mr. Bartlett's disclosed expert testimony. Defendant argues that plaintiff is barred from offering Mr. Rapperport's rebuttal testimony since plaintiff failed to disclose such rebuttal testimony within 30 days after defendant's January 1997 disclosure of Mr. Bartlett's testimony.

However, Rule 26(a)(2)(C) contains two deadlines for expert disclosures. The first applies to experts who will testify to support the party's case, for which a disclosure must be made "at least 90 days before the trial date." The second applies to experts who will testify "*solely* to contradict or rebut" [emphasis added], for which a disclosure must be made 30 days after the other party's disclosure. The disclosure of plaintiff's expert, Mr. Rapperport, was subject to the first deadline because he will testify to support the plaintiff's case in chief. Accordingly, plaintiff made the requisite disclosure "at least 90 days before the trial date." The rule does not

2

further require a party to make an additional disclosure upon deciding to use their expert also in rebuttal. Thus this court finds that plaintiff disclosed the testimony of Mr. Rapperport in compliance with Rule 26(a)(2)(C).

This is not to say that there are no limits on the permissible scope of Mr. Rapperport's testimony. Unless a separate rebuttal disclosure is filed, an expert's rebuttal testimony may not go too far beyond the scope of the report submitted with the original disclosure. Rule 26(a)(2)(B) provides that "[t]he report shall contain a *complete* statement of *all* opinions to be expressed [emphasis added]." Furthermore, Rule 26(e)(1) provides that a party has a duty to supplement its disclosures if "the information disclosed is incomplete . . . and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Since plaintiff has not supplemented its disclosure, Mr. Rapperport may not testify in rebuttal as to opinions neither contained in the original report nor made known to the defendant during the discovery process.

Otherwise, defendant's motion to bar plaintiff from introducing expert rebuttal testimony is denied.

<u>2. Defendant's Motion in Limine to Bar Plaintiff from</u>

<u>Introducing Testimony Concerning What Knowledge Military</u>

<u>Personnel Would Have Common to the Use and Dangers of Driving</u>

<u>Military Vehicles and Hummers, in Particular (document 39)</u>

Defendant asks the court to bar plaintiff's expert Rapperport from testifying as to whether the vehicle was unreasonably dangerous. Defendant apparently relies on <u>Bellotte v. Zayre Corp.</u>, 116 N.H. 52, 352 A.2d 723 (1976), in which the New Hampshire Supreme Court said:

> The test for determining whether a product is "unreasonably dangerous," RESTATEMENT (SECOND) OF TORTS § 402A(1) (1965) as stated in Comment *i* is that it "must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics."

Defendants contend that Rapperport has no ordinary knowledge common to the community of drivers and users of military vehicles, and he cannot therefore testify as to whether the Hummer was unreasonably dangerous.

However, New Hampshire courts have moved away from the <u>Bellotte</u> test for strict liability toward a test that balances a product's social utility against the risk of danger. <u>Thibault v. Sears, Roebuck & Co.</u>, 118 N.H. 802 (1978); <u>Price v. Bic Corp.</u>, slip op. (N.H. Nov. 3, 1997) ("Whether a product is dangerous to

4

an extent beyond that which would be contemplated by the ordinary consumer is determined by the jury using a risk-utility balancing test."); Brochu v. Ortho Pharmaceutical Corp., 642 F.2d 652 (1st Cir. 1981). Under a balancing test, plaintiff's expert Rapperport can provide useful testimony on whether the Hummer is unreasonably dangerous, despite his alleged lack of ordinary knowledge common to the community of drivers of military vehicles.

Defendant's motion is thus denied.


3. Plaintiff's Motion in Limine to Redact Conclusions which Appear in the Accident Investigation Report Concerning Todd Ritch's Nonuse of a Seat Belt and a Helmet (document 47)

Under New Hampshire law, a plaintiff's failure to wear a seat belt is irrelevant to comparative fault or mitigation of damages. Thibeault v. Campbell, 136 N.H. 698, 701-02 (1993) ("evidence of a party's failure to use a seat belt is inadmissible to show negligence where the nonuse may have contributed to the party's injuries but was not a cause of the collision itself"); Forsberg v. Volkswagen of America, Inc. 769 F. Supp. 33, 36 (D.N.H. 1990) ("Under New Hampshire law, a plaintiff in a tort action has a duty to act reasonably to mitigate damages. The Supreme Court of New Hampshire has applied

5

this duty only to plaintiff's acts performed subsequent to the event giving rise to her tort claim. Thus understood, this duty cannot apply to a passenger's decision to refrain from wearing a seat belt, a decision made prior to such event.") While New Hampshire courts have not explicitly made such an extension, this court finds the same principles are applicable to nonuse of a helmet by military personnel.

Apparently conceding this, defendants argue that nonuse of a helmet and seat belt is relevant, not to comparative fault, but to whether plaintiff would have followed other safety warnings. Plaintiff's products liability theory is based on a failure to warn, and to prove causation, plaintiff must show that he would have heeded sufficient warnings. Pointing to military regulations requiring use of a seat belt and helmet, defendant argues that the fact that plaintiff failed to abide by those regulations renders it more likely that plaintiff would have disregarded any warning that allegedly should have been posted on the vehicle. However, this use of the evidence of plaintiff's nonuse of seat belt and helmet is impermissible under Rule 404, Fed. R. Evid., which prohibits "[e]vidence of a person's character or a trait of character [to prove] action in conformity therewith on a particular occasion . . . ." Defendant is attempting to argue that plaintiff did not follow military

6

regulations on the use of a helmet and seat belt and would have acted in conformity with his character by failing to heed a warning.

Plaintiff's motion is granted.

4. Plaintiff's Motion in Limine to Strike the Affirmative Defenses of Comparative Negligence and Product Misuse (document 49)

The issue of whether plaintiff acted unreasonably and negligently so as to contribute to causing his own injury is a question of fact for the jury. Plaintiff seeks to avoid this conclusion with several legal arguments, which the court will briefly address in turn. First, plaintiff claims that any negligence of the driver, Wade Hector, in "dunehopping" the Hummer cannot be imputed to plaintiff, because plaintiff was merely a passenger who had no right to control the driver. This argument falls far outside the mark because defendant's affirmative defense does not rely on imputed negligence. Rather, defendant seeks to hold plaintiff accountable for his own negligence in voluntarily embarking as a passenger in the Hummer knowing the driver's intent to go "dunehopping." As an analogy, one does not have to rely on imputed negligence when a plaintiff knowingly and voluntarily enters a car as a passenger with a

7

drunk driver.

Next, plaintiff argues that he had no right to control the driver, and thus cannot be found negligent in failing to get the driver to stop "dunehopping" and drive more carefully. Once again, plaintiff misses the point. Defendant's theory is that plaintiff was negligent in voluntarily embarking and remaining as a passenger in the Hummer, knowing the driver's intent to go "dunehopping." The right to control the driver is irrelevant to defendant's theory.

Next, plaintiff points out that under the "crashworthiness" doctrine, a supplier is liable for injuries sustained in a vehicular accident because of a defect that, while not the cause of the accident, caused or enhanced the degree of injuries suffered. Plaintiff further argues that this doctrine renders the negligence of plaintiff entirely irrelevant. The court finds this to be an overstatement. The "crashworthiness" doctrine simply overrules the position previously held by some courts that driver negligence is a complete bar to recovery against a manufacturer. The doctrine is founded on the premise that accidents caused by driver negligence are foreseeable, and manufacturers should design their vehicles to be reasonably safe for such foreseeable uses. However, holding that driver negligence is not a complete bar to recovery against the vehicle

8

manufacturer is a far cry from saying that the plaintiff's negligence is irrelevant. The crashworthiness doctrine does not foreclose proof of plaintiff's negligence in assessing comparative fault.

The issue under defendant's affirmative defense of product misuse is whether the use was foreseeable, and that is a question for the jury.

Thus, plaintiff's motion is denied without prejudice to the right to raise such motion at the close of defendant's case.

5.  Plaintiff's Motion in Limine to Redact Certain Entries from the Military Accident Investigation Records (document 50)

Plaintiff seeks to eradicate any reference to "dunehopping" and "joy riding" from the military accident report. Plaintiff's ground is that defendant's affirmative defense of comparative negligence is meritless, rendering irrelevant the references to "joyriding" and "dunehopping." However, having ruled that there remains an issue of fact on defendant's comparative negligence defense, this court denies plaintiff's motion to redact the accident report.

Plaintiff's motion is denied.

## 6.  Plaintiff's Motion in Limine to Redact from the Accident Investigation Records All References to Prior Drug Use by the Decedent (document 48)

The military accident report contains references to prior drug use by both the driver and the plaintiff.  However, the medical examinations of the driver and plaintiff contain no indication that either was under the influence of drugs at the time of the accident.  Thus evidence of prior drug use is irrelevant and must be excluded under Rule 402, Fed. R. Evid.  Apparently conceding this, defendant argues that drug use is relevant to whether a warning would have been heeded by plaintiff, but, once again, that use of the evidence is foreclosed by Rule 404.

Plaintiff's motion is granted.

## 7.  Plaintiff's Motion in Limine to Preclude Cross Examination of Plaintiff's Economist on the Effect of Income Taxes on the Decedent's Future Earnings (document 46)

In Coy v. Simpson Marine Safety Equipment, 787 F.2d 19, 26-27 (1st Cir. 1986), the First Circuit upheld a district court's exclusion of evidence relating to the effect of income tax liability on the decedent's future lost earnings.  Under the weight of such precedent, this court grants plaintiff's motion.

8.  Defendant's Motion In Limine [to Bar Plaintiff from Introducing Their Claim for Hedonic Damages, and Alternatively] to Bar Use of Economist Formula in Calculating [Such] Damages (document 63)

This court has already held that hedonic damages are permitted in wrongful death cases.  <u>Maxwell v. Hitchcock Clinic</u>, CV-88-480-SD, slip op. (D.N.H. Mar. 12, 1993) (Devine, J.).  In the absence of any intervening definitive state law rulings on this issue, the court stands by the judgment in that case.

Furthermore, the court has reviewed <u>Steel v. Beemis</u>, 121 N.H. 425, 428 (1981), relied upon by defendants and finds that nothing in that case prevents plaintiff's economist from relying on prevailing minimum wage standards in calculating hedonic damages.  The court finds defendant's attempt to characterize reliance on prevailing minimum wage standards as a formula misguided.

9.  Plaintiff's Motion in Limine to Preclude Admission into Evidence of Correspondence and Documents Concerning Consideration by the Military of Warning Labels (document 71)

Plaintiff argues that this evidence is irrelevant.  However, the court finds that it cannot at this time rule on the relevance of that evidence and therefore defers such ruling until the

11

issues are better developed at trial.

## 10. Plaintiffs' Motion to Strike Superseding Cause Defense (document 70)

Plaintiff objects to defendant's requested jury instruction No. 10 on the ground that defendant has not appropriately pled superseding cause as an affirmative defense. Rule 8(c) places the burden of pleading affirmative defenses on the defendant. This court finds that superseding cause is an affirmative defense within the meaning of Rule 8(c). Since defendant has entirely failed to plead superseding cause, defendant has waived that defense and the right to admit evidence relevant to such defense. Accordingly, plaintiff's motion is granted.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

November 17, 1997

cc:   Stephen R. Fine, Esq.
      Robert G. Whaland, Esq.